No. 48,081

STATE OF KANSAS, *Appellee,* v. JAMES D. JACKSON, *Appellant.*

(556 P. 2d 885)

Opinion filed November 6, 1976.

*Phillip S. Frick,* of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: James D. Jackson was convicted by a jury of burglary of a liquor store. His motion for new trial was overruled, he was sentenced and now appeals.

The prosecution's evidence revealed the following. On September 18, 1974, Don Abraham lived on West Twenty-Ninth Street North in Wichita, directly across from the Morris liquor store. At about 12:30 or 12:45 a. m. on that day, while at home in bed, he heard the sound of glass breaking. He went to his front door where he saw a car speed away from the liquor store going west on Twenty-Ninth street. He dressed and went across the street where he discovered the east window of the liquor store had been broken. He yelled back to his wife to call the police. As Abraham started to return to his house he noticed a car approaching the liquor store from the west. The car stopped in front of the store. Abraham ducked behind a bush in his yard across the street from the store where he could observe the car and its occupants. He noticed that it was a brown Chevrolet Nova covered with dirt and mud. He could not see a license number because of dirt on the license plate. He saw a person get out of the automobile on the right front passenger side and enter the liquor store through

the broken window. There were neon lights around the edges of the three store windows. Inside, the person took several bottles off the top shelf and then went back into the car on the right front side. Meanwhile, and as these events were occurring Abraham was conveying information about them to his wife who was inside the house on the phone relaying the information to the police. The brown Chevrolet then proceeded east on 29th street. Mr. Abraham went into his house and began talking to police by phone. The dispatcher told him the car had been apprehended. Abraham went outside and saw red lights flashing six or eight blocks down the street.

Officer Kuykendall, who was on patrol in the area, proceeded on 29th street toward the Morris liquor store in response to the dispatcher's call. He observed a car approaching him which answered the description of the suspect vehicle. He made a U-turn behind the car and activated his siren and red lights. As he overtook the car he noticed that an item was tossed from the vehicle. When the car was stopped with the aid of another officer it had four occupants. Appellant Jackson was seated in the right front passenger seat. Later Officer Kuykendall and another patrolman went to the area where the item was seen being thrown from the car and found a broken half gallon whiskey bottle, labeled Bourbon Supreme. Five other bottles so labeled were also found by police along 29th street in the area. Two were unbroken. The liquor store owner testified six half gallon bottles of Bourbon Supreme whiskey were missing from her store. By reason of her handwriting on the labels she identified the six bottles found along 29th street as her property.

Mr. Abraham was brought immediately to the scene of the arrest where he identified the car which had been stopped by the patrolman as the one he had seen in front of the liquor store and he identified appellant Jackson as the person he had seen entering the store, removing the bottles and departing in the brown Chevrolet. Abraham had observed appellant at a distance which he estimated could have been 100 feet and was not able to see his face. He identified appellant by reason of his body size and features and his clothing. Appellant was described as a very large man attired in light tan shirt and pants. None of the other three occupants of the brown Nova resembled appellant. Later that morning Abraham observed a footprint on the liquor store door.

He testified that the print bore ridges similar to those on a boot which was the prosecution's exhibit 9.

Upon appeal appellant attacks the sufficiency of the state's evidence in two respects. He says Abraham's testimony as it related to identification of appellant as the person he saw at the liquor store during the time in question was insufficient to sustain the conviction and similarly the prosecution's attempt to connect appellant with the crime by means of a footprint on the liquor store door was legally insufficient.

Appellant argues that the conditions under which Abraham viewed the burglar and his failure to see the burglar's face rendered his identification so suspect that the conviction must be set aside. In this, and in his argument respecting the footprint, appellant focuses on isolated parts of the evidence and would have us ignore its totality, which we cannot do.

Most burglary convictions do not depend on eyewitness testimony for usually none is available. Here the chain of evidence started with the breaking of the window of the liquor store and the hasty departure of a vehicle. After the coast was apparently clear a brown-colored Chevrolet Nova covered with mud appeared on the scene. A person occupying the right front seat was seen entering the liquor store, removing bottles therefrom and departing on the passenger side of the Chevrolet. Contemporaneously these events were reported to police who almost immediately apprehended a suspect vehicle, a description of which had been furnished them. One purloined bottle of whiskey was seen being tossed from that vehicle. Five other bottles missing from the liquor store were found in the immediate area. When the vehicle was stopped just a few blocks from the store appellant was occupying the right front seat. The fact the witness Abraham identified appellant as the burglar and also connected the footprint or boot mark with him were simply circumstances additional to others which sufficiently indicated appellant's guilt.

Our function on review is to determine whether the evidence is sufficient to form a basis for a reasonable inference of guilt (*State v. Gobin*, 216 Kan. 278, 531 P. 2d 16). Viewing the prosecution's evidence as a whole it amply meets that requirement.

Appellant further contends the trial court, over his objection, erroneously received the evidence concerning the footprint on the liquor store door and its similarity to the ridges or tread pattern

of appellant's boot. He concedes, as he must, that expert testimony is not required for footprint testimony and a lay witness is generally allowed to give such testimony provided he bases his conclusion on measurements or peculiarities of the tracks (31 Am. Jur. 2d, Expert and Opinion Evidence, § 124). Here the testimony was such as to be within a lay witness' competency. Appellant's argument is that at the time the testimony was given its connection with him had not been shown.

In this appellant is technically correct because the prosecution's exhibit 9 had not yet been identified and his objection made while Abraham was testifying could well have been sustained, or it could have been overruled subject to further foundation being laid. However, for two reasons no prejudice resulted in the ruling: First, as said in *State v. Boone,* 220 Kan. 771, 556 P. 2d 880, this day decided, "It is not prejudicial to the defendant in a criminal trial when a physical object is initially admitted into evidence without a proper foundation, when subsequent thereto in the same trial testimony is elicited from another witness to establish a valid foundation for the admission of such physical object into evidence." (Syl. Para. 4.) Here a later witness did identify state's exhibit 9 as a boot worn by appellant, thus furnishing the missing foundation. Secondly, a later witness, the liquor store owner, observed the marks on the door and the tread pattern of appellant's boot and, without objection thereto, expressed the same opinion as to their similarity as did the witness Abraham. Thus any possible error in the receipt of the latter's opinion was rendered immaterial.

The judgment is affirmed.

APPROVED BY THE COURT.