MODIFIED OPINION
No. 84,635

STATE OF KANSAS, *Appellee*, v. ALROY V. MARTENS; *Appellant*.

(54 P.3d 960)

Modified opinion filed September 20, 2002.

*Peter T. Maharry*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Russ K. Roe*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Alroy V. Martens, from his convictions following a bench trial for three felony counts of sale of marijuana, and one count each of felony manufacture of methamphetamine, felony possession of marijuana with intent to sell, felony cultivation of marijuana, felony possession of drug paraphernalia, felony possession of a stimulant, felony possession of marijuana without a tax stamp affixed, and misdemeanor possession of marijuana.

In our original opinion filed March 15, 2002, *State v. Martens*, 273 Kan. 179, 42 P.3d 142 (2002), we reversed in part and remanded with directions. On March 21, 2002, Martens filed a motion for clarification under Supreme Court Rule 7.06 (2001 Kan. Ct. R. Annot. 51). No response was filed. We grant the motion and modify our original opinion.

Martens contends on appeal that the district court committed error by: (1) denying his motion to arrest judgment; (2) convicting him of manufacture of methamphetamine when the evidence was only sufficient to show attempt to manufacture; and (3) allowing the late endorsement of two crucial witnesses for the State whose testimony substantiated his sale of marijuana.

During June and July of 1998, a confidential informant purchased marijuana from Martens in a series of controlled buys. Following the controlled buys, a search warrant was issued for Martens' residence. During the subsequent search, officers discovered numerous items associated with the cultivation of marijuana and what appeared to be a methamphetamine lab.

Martens waived his right to a jury trial, and a bench trial was conducted. The district court found Martens guilty of the charges set forth in the preceding paragraphs.

Martens filed a motion for judgment of acquittal on the charge of manufacturing methamphetamine. The stated basis for the motion was that "the state presented no evidence whatsoever that the defendant manufactured methamphetamine." In addition, counsel for Martens filed a motion to arrest judgment of conviction, arguing that the information was jurisdictionally defective in that it failed to sufficiently charge the crime of attempted manufacture of methamphetamine.

In denying the motion for judgment of acquittal, the district judge stated: "I think Mr. Martens, according to my earlier findings, was charged under a statute which prohibited both or either . . . kind of conduct [attempt to manufacture or manufacture of a controlled substance]."

Martens was sentenced to a controlling term of 49 months' confinement in connection with the primary offense of "manufacture or attempt to manufacture methamphetamine" under K.S.A. 1997 Supp. 65-4159. Martens was also sentenced to a term of 15 months each for the three convictions for sale of marijuana, to run consecutive to each other but concurrent to the base sentence and, in addition, was sentenced to 36 months of postrelease supervision. In other words, the district court fashioned the sentence so that if Count 5 were reversed and not retried, Martens would still serve a controlling sentence of 45 months.

The Court of Appeals affirmed the district court's decision. In doing so it held that because K.S.A. 1997 Supp. 65-4159 creates a single offense of manufacturing a controlled substance, the complaint was fatally defective in failing to incorporate the elements of attempt. The Court of Appeals found, however, that because the amended complaint charged Martens with both manufacturing or attempting to manufacture a controlled substance and alleged the elements of unlawful manufacture of methamphetamine, it "fully informed Martens of the crime with which he was charged." 29 Kan. App. 2d at 366. Without further comment, the Court of Appeals concluded that the amended complaint was not jurisdictionally defective.

In addition, the Court of Appeals found the evidence sufficient to support Martens' conviction for manufacturing methamphetamine. Further, that court held that the late endorsement of two witnesses for the State did not result in surprise or prejudice to Martens.

Martens timely petitioned for review. This court granted his petition for review.

## MOTION TO ARREST JUDGMENT

According to Martens, Count 5 of the amended complaint was

fatally defective as to the charge of manufacturing or attempting to manufacture methamphetamine in that it failed to include the essential elements of attempt. Martens argues that the Court of Appeals found attempt to manufacture a controlled substance was a separate and distinct crime from the offense of manufacture of a controlled substance, and that the complaint did not include the elements of attempt and was therefore fatally defective as to that crime. Martens asserts that the district court improperly convicted him of attempt to manufacture methamphetamine after he was charged with the manufacture of methamphetamine under K.S.A. 1997 Supp. 65-4159, and, therefore, he believes his conviction is void for lack of subject matter jurisdiction.

Martens followed the proper procedure and filed a motion for arrest of judgment. Therefore, we must determine whether the amended complaint clearly informed Martens of the precise offense charged against him. This court's review of an allegedly defective complaint or information is unlimited. *State v. Crane*, 260 Kan. 208, 221, 918 P.2d 1256 (1996).

On appeal, the State admitted that the amended complaint failed to allege the elements of attempt, but contended it was not required to list them because K.S.A. 1997 Supp. 65-4159 encompassed by definition the attempt to manufacture a controlled substance.

In his petition for review, Martens asserts that the Court of Appeals held there were two criminal charges in Count 5 of the complaint: (1) attempt to manufacture methamphetamine and (2) the actual manufacture of methamphetamine. Martens argues that the Court of Appeals found the attempt charge jurisdictionally defective and the manufacture charge proper, but erred in upholding his conviction because the district court convicted him of attempted manufacture of methamphetamine.

A. Manufacture versus attempted manufacture of methamphetamine.

Our analysis of this issue involves the interpretation of K.S.A. 1997 Supp. 65-4159. Interpretation of a statute is a question of law, and our review is unlimited. An appellate court is not bound by

the district court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

Here, the district court stated that it found Martens "guilty of manufacturing or attempting to manufacture as the statute states." In addition, the district judge stated: "I think Mr. Martens, according to my earlier findings, was charged under a statute which prohibited both or either . . . kind of conduct." These statements establish the fact that the district court believed that K.S.A. 1997 Supp. 65-4159 included both the actual manufacture of methamphetamine as well as the attempted manufacture of methamphetamine.

In its review of this case, our Court of Appeals distinguished the crime of attempt to manufacture methamphetamine from the crime of manufacture of methamphetamine, stating:

"K.S.A. 1997 Supp. 65-4159 is titled, in part, as 'Unlawful manufacturing or attempting such of any controlled substance.' The title of the statute, however, is not dispositive to the issue of whether the statute creates a single offense because '[t]he title or caption prefacing the text of a statute is prepared by the revisor of statutes (K.S.A. 77-133[b]) and "forms no part of the statute itself." [Citation omitted.]' *State v. Larson*, 12 Kan. App. 2d 198, 201, 737 P.2d 880 (1987).

"Section (a) of K.S.A. 1997 Supp. 65-4159 states as follows: 'Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to *manufacture* any controlled substance or controlled substance analog.' (Emphasis added.) We interpret this subsection as providing the elements of the offense. The only means of violating the statute is manufacturing a controlled substance or a controlled substance analog. Because the statute does not specify attempted manufacture of a controlled substance as a means of violating the statute, attempted manufacture of a controlled substance is a separate offense created under K.S.A. 21-3301(a). This interpretation is supported by PIK Crim. 3d 67.21-A (1999 Supp.), which lists manufacture of a controlled substance, not attempted manufacture, as the means of violating K.S.A. 1997 Supp. 65-4159." 29 Kan. App. 2d at 364-65.

The legislature enacted 65-4159 in 1990, and subsequently amended it in 1993 and 1994. The 1990 and 1993 statutes included language prohibiting "the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance." K.S.A. 65-4159; K.S.A. 1993 Supp. 65-4159. In 1994, however, the legislature extensively revised 65-4159, dividing it into four subsections and changing the language of the first subsection to read: "(a) Except

as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog." The 1994 amendment omitted the words "or attempting to unlawfully manufacture" from the statutory prohibition subsection.

Although subsections (b) and (c) of 65-4159 still mention "attempting to unlawfully manufacture," those subsections only mandate the imposition of the same penalty for attempting to unlawfully manufacture as for the actual manufacture of a controlled substance. Subsections (b) and (c) do not criminalize any specific conduct.

Within subsection (a) of 65-4159, the legislature in 1994 deleted the phrase "or attempting to unlawfully manufacture" previously seen in the statute. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. [Citation omitted.]" *Kaul v. Kansas Dept. of Revenue*, 266 Kan. 464, 471, 970 P.2d 60 (1980), *cert. denied* 528 U.S. 812 (1999).

We conclude that following its amendment in 1994, 65-4159 no longer includes the crime of attempting to manufacture a controlled substance. In addition, we find that the attempted manufacture of a controlled substance is a separate offense controlled by K.S.A. 21-3301(a).

In reviewing this case, the Court of Appeals stated that "[t]he only means of violating [K.S.A. 1997 Supp. 65-4159] is manufacturing a controlled substance" (29 Kan. App. 2d at 365), which seems to imply that the term "manufacture," as used in K.S.A. 1997 Supp. 65-4159, may be defined to mean only the completed process of producing methamphetamine. Upon review of the statutory definitions provided in K.S.A. 1997 Supp. 65-4101(e) and (n), however, we cannot fully agree with that interpretation of K.S.A. 1997 Supp. 65-4159.

In K.S.A. 1997 Supp. 65-4101(n), "manufacture" was defined as the "production, preparation, propagation, compounding, conversion or processing of a controlled substance either directly or indirectly by extraction from substances of natural origin or independently by means of chemical synthesis or by a combination of

extraction and chemical synthesis . . . ." Likewise, in K.S.A. 1997 Supp. 65-4101(e), a "controlled substance" meant "any drug, substance *or immediate precursor* included in any of the schedules designated in K.S.A. 65-4105, 65-4107, 65-4109, 65-4111 and 65-4113, and amendments to these sections." (Emphasis added.)

The statutory definitions of the terms "manufacture" and "controlled substance" in the Uniform Controlled Substances Act include but do not mandate the consummation of a final product. See *People v. Lancellotti,* 19 Cal. App. 4th 809, 814, 23 Cal. Rptr. 2d 640 (1993) (quoting *People v. Jackson,* 218 Cal. App. 3d 1493, 1504, 267 Cal. Rptr. 841 [1990]) (" 'The ongoing and progressive making, assembly or creation of [a controlled substance] from its component chemicals may, but does not necessarily by definition, include the culmination of the manufacturing process, the finished . . . product.' [Citation omitted.]"). In other words, to prove the crime of manufacture of methamphetamine, the State must show that the defendant (1) intentionally (2) completed the manufacture of methamphetamine or (3) could have successfully manufactured methamphetamine.

Under K.S.A. 21-3301(a), the anticipatory crime of attempt is defined as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." To establish attempt, the State must show that the defendant: (1) performed an overt act toward the commission of a certain crime; (2) did so with the intent to commit the crime; and (3) failed to perpetrate the crime or was prevented or intercepted in the execution of the crime. See *Crane,* 260 Kan. at 222; *State v. Sullivan & Sullivan,* 224 Kan. 110, 122, 578 P.2d 1108 (1978); PIK Crim. 3d 55.01 (1999 Supp.).

"It is the intent to commit the crime, not the possibility of success, which determines whether the defendant's act or omission constitutes the crime of attempt." 21 Am. Jur. 2d, Criminal Law § 174, p. 251. By contrast, the focus of the crime described in 65-4159 is the successful manufacture or potentially successful manufacture of a controlled substance. Thus, while the crimes of attempt to manufacture methamphetamine and actual manufacture

of methamphetamine may overlap somewhat, the distinction between the two crimes may be said to depend upon the degree of likelihood that a defendant's efforts will succeed in producing methamphetamine.

B. Offenses charged in the amended complaint.

In order to determine whether the complaint against Martens was jurisdictionally defective, we next examine the offenses charged against Martens in the criminal complaint. The handwritten amendments to Count 5, made on August 30, 1999, read:

"That in Saline County, Kansas, on or about or between March 1 through the 9th day of July, 1998, one, ALROY VERN MARTENS did then and there unlawfully, willfully, and feloniously manufacture or attempt to manufacture a controlled substance, to wit: methamphetamine.

"K.S.A. 65-4159 (1997 Supp.) (Manufacture of Methamphetamine)

"Level 2D Nonperson Felony (Sentence range 46-83 months)"

While Count 5 does allege that Martens "willfully . . . attempt[ed] to manufacture . . . methamphetamine," K.S.A. 21-3301 was not cited.

In *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), this court previously stated:

"The Bill of Rights in the Kansas Constitution requires that the accused be allowed to demand the nature and cause of the accusation. Kan. Const. Bill of Rights, § 10. A defendant cannot be charged in the information with one offense and be convicted of another and different offense which is not a lesser included offense of the crime charged when instructed upon pursuant to statute. [Citation omitted.] The § 10 language is similar to the language of the Sixth Amendment to the United States Constitution, which extends to an accused the right 'to be informed of the nature and cause of the accusation.' [Citation omitted.]

"The constitutional protections referred to are implemented by the requirements of K.S.A. 22-3201. The complaint, information, or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged and, when drawn in the language of the statute, shall be deemed sufficient. An information is sufficient if it clearly informs the defendant of the precise offense of which he or she is accused so that the accused may prepare a defense and so that a judgment thereon will safeguard the accused from a subsequent prosecution for the same offense. [Citation omitted.]" 246 Kan. at 753-54.

"The sufficiency of the charging document is measured by whether it contains the elements of the offense intended to be charged, sufficiently apprises the defendant of what he or she must be prepared to meet, and is specific enough to

make a subsequent plea of double jeopardy possible. The charging document is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or words of the same import. [Citations omitted.]" *State v. Smith*, 268 Kan. 222, 226-27, 993 P.2d 1213 (1999).

The record reveals the following discourse between the Honorable Dan Boyer and counsel for Martens on September 3, 1999, regarding the court's findings on the charges of manufacturing or attempting to manufacture methamphetamine:

"[THE COURT]: Let's go back to Count 5. I gave that particular consideration. It's in the Court's view that you're charged under a statute which in its clear terms makes it unlawful to either manufacture, attempt to manufacture a controlled substance. The Court must necessarily though because of the inherent nature of that statute look at the law of attempt.

. . . .

". . . Specifically, as I considered Count 5, Mr. Martens, I had to consider had you just simply gone through acts of preparation or had you made significant steps toward the commission of the crime of manufacturing. Your intent is not in dispute. In the Court's opinion, it's very clear, you admitted at the police station when you were interviewed, on July the 8th I think it was, that you had attempted to manufacture methamphetamine but had failed to do so. . . . So I come down to the issue, had you gone far enough to be guilty of the crime of attempt to manufacture. Now, I'm not so sure I agree with Mr. Stanton that buying the flask and the chemicals are enough, that's a separate crime as I recall, precursors is a separate crime. I'm not sure that's enough. . . . But it seems to the Court when you start mixing and baking you've gone beyond that step. The lab man who came in who is supposed to be one of the State's experts, Dwain Worley, a KBI specialist on clandestine labs, called from the evidence he inferred this was a failed attempt to manufacture methamphetamine. He lent great credit to the coffee filters which contained ephedrine. . . . [A]ll in all, I must conclude, based—I find that intent, there's no question about it. Now your statement was that you attempted to cook within two months prior to your arrest, statute of limitations two years. Mr. Stanton did amend the Complaint regarding Count 5 to include the language on or between March 1 and the 9th day of July, 1998. All things considered, sir, I find you guilty of Count 5—

"[Counsel for Martens]: Your Honor.

"THE COURT: —manufacture, attempt to manufacture of methamphetamine.

"[Counsel for Martens]: Your Honor, is the Court then finding the defendant guilty of manufacturing?

"THE COURT: No, I'm finding him guilty of manufacturing or attempting to manufacture as the statute states.

"[Counsel for Martens]: Your Honor, I don't know how the Court can do that when they're separate offenses, Your Honor.

"THE COURT: Well, I conclude that they aren't; that's my premise."

The district court's discourse reveals that the judge found Martens guilty of conduct meeting the elements of attempt to manufacture methamphetamine. The sentencing sheet, however, lists the primary offense of conviction as the manufacture or attempted manufacture of methamphetamine under K.S.A. 1997 Supp. 65-4159. The box next to the word "attempt" on the sentencing sheet is not marked, however. After carefully reading the judge's comments as well as other documentation in the record, it appears that the district court intended to convict Martens of both attempt and actual manufacture because the court believed both were encompassed within 65-4159.

Here, Martens contends that his conviction should be overturned because the district court clearly convicted him of attempt to manufacture, a crime not charged against him in the amended complaint. Martens challenges the subject matter jurisdiction of the district court, arguing that the court had no authority to find him guilty of attempt to manufacture methamphetamine because the complaint was fatally defective, failing to set forth the elements of attempt.

"Unless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate. K.S.A. 22-2301. The complaint shall be a plain and concise written statement of the essential facts *constituting the crime charged.* K.S.A. 22-3201(b). *Two or more crimes may be charged* against a defendant *in the same complaint,* information or indictment *in a separate count for each crime* if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. K.S.A. 22-3202(1).

"The purpose of a complaint or information is to inform the accused of the particular offense or offenses with which the defendant is charged and which the defendant must defend against at time of trial. K.S.A. 21-3107(1) states which crimes may be alleged in a complaint or information by the State and how the offenses must be alleged in the charging instrument." *State v. Mincey,* 265 Kan. 257, 262, 963 P.2d 403 (1998).

K.S.A. 21-3107 states:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted

for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both."

The statute does not mandate that each crime be alleged separately, but simply says each may be alleged as a separate count. We have previously stated that even when a statute within the Uniform Controlled Substances Act provides various means of violation, "the better practice is to charge the alternative charges in separate counts." *State v. Anthony*, 242 Kan. 493, 497, 749 P.2d 37 (1988).

Here, the State failed to mention the statute that covers attempt, K.S.A. 21-3301(a), in the charging document. Attempt was not an offense under the statute cited by the State (K.S.A. 1997 Supp. 65-4159), although that statute does deal with the sentence for an attempt to manufacture the prohibited substances. Nevertheless, attempt to manufacture a controlled substance is a lesser included crime of the manufacture of a controlled substance. See *State v. Peterson*, 273 Kan. 217, 223, 42 P.3d 137 (2002). Therefore, Martens could be charged in the complaint with violating 65-4159 and subsequently be convicted of the lesser included crime of attempt to manufacture methamphetamine. K.S.A. 21-3107(2).

The problem here, however, is that the district court seemingly convicted Martens of both attempted manufacture and actual manufacture of methamphetamine contrary to K.S.A. 21-3107(2). We therefore reverse Martens' conviction and remand the matter for a new trial on the issue of whether he was guilty of manufacturing or attempting to manufacture methamphetamine.

By reason of our decision on this issue, the issue of whether sufficient evidence supported the conviction of manufacture of methamphetamine is moot.

The third issue on appeal is whether the district court erred in allowing the late endorsement of Bradley Crowe and Kamala Hinnergardt as witnesses at trial for the State. This court has reexamined Martens' third contention of error concerning the late endorsement of witnesses and finds it to be without merit.

At trial, the State called Crowe, a forensic scientist with the Kansas Bureau of Investigation (KBI). Crowe was sworn in and stated

his name and occupation, but counsel for Martens objected on the grounds that the witness had not been endorsed. The State moved to endorse the witness. The court, noting that the complaint listed KBI chemists and that counsel for Martens had been provided with the forensic reports, found there was no surprise or prejudice to Martens. The court overruled the objection and permitted the endorsement of Crowe.

Following the State's direct examination, counsel for Martens declined to cross-examine Crowe, stating that he was unprepared to cross-examine the witness. The court stated:

"This witness has testified as to three well-known tests that are commonly known in our courts, the testing of marijuana. [Counsel for Martens], you have the forensic report, his testimony is limited, straightforward on that issue. Now, you have the opportunity to examine if you wish, that's your choice. Do you care to cross-examine?'"

Once again, defense counsel refused.

At the close of the State's direct examination of Hinnergardt, also a forensic scientist with the KBI, counsel for Martens again declined to cross-examine the witness for the same reason. The focus of the testimony of Crowe and Hinnergardt was to identify evidence found by police at Martens' residence as marijuana.

The district court's statutory authority in regard to the endorsement of witnesses is found in K.S.A. 2001 Supp. 22-3201(g) which states, in pertinent part:

"(g) Except as otherwise provided, the prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. Except as otherwise provided, the prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the prosecuting attorney, at times that the court may by rule or otherwise prescribe."

This court previously construed the language found in the first two sentences of K.S.A. 2001 Supp. 22-3201(g) as conferring "broad discretionary power on the trial court in allowing a late endorsement." *State v. Green*, 252 Kan. 548, 553, 847 P.2d 1208 (1993).

Here, counsel for Martens had the forensic reports of Crowe and Hinnergardt prior to trial concerning the testing of marijuana

and knew or should have known the substance of their testimony before trial. Therefore, the trial court's allowance of the late endorsement of Crowe and Hinnergardt did not result in either surprise or material prejudice to Martens. We hold that the district court did not abuse its discretion by endorsing those two witnesses.

On remand, the district court must determine whether Martens was guilty of manufacturing or attempting to manufacture methamphetamine in accordance with this opinion. Because we find Martens' third assertion of error on appeal to be without merit, we affirm his other convictions and remand for retrial only as to Count 5 of the complaint.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.