No. 88,462

STATE OF KANSAS, *Appellee*, v. GERRY LEE CHERRY, *Appellant*.

112 P.3d 224

Opinion filed June 3, 2005.

*Theresa L. Barr*, assistant appellate defender, argued the cause, and *Peter Maharry*, assistant appellate defender, was on the brief for appellant.

*Ernest H. Richardson*, acting county attorney, argued the cause, and *Thomas V. Black*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Gerry Lee Cherry was convicted of manufacturing or attempting to manufacture methamphetamine (meth), illegal possession of pseudoephedrine or ephedrine, possession of drug paraphernalia, and possession of meth and was sentenced to a controlling term of 96 months. In *State v. Cherry*, No. 88,462, unpublished opinion filed May 23, 2003, the Court of Appeals affirmed the convictions but remanded for resentencing pursuant to *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). The defendant's petition for review and the State's cross-petition for review were granted by this court pursuant to K.S.A. 20-3018(b).

We granted the State's cross-petition for review regarding the defendant's sentence. He was sentenced with a downward departure for a severity level 1 felony on the conviction of possession of

pseudoephedrine or ephedrine. The Court of Appeals vacated this sentence and remanded for sentencing as a severity level 4 felony. The Court of Appeals reasoned that under the facts of this case, the charged offense of possession of pseudoephedrine or ephedrine (level 1) and the offense of possession of drug paraphernalia (level 4) are identical offenses. Thus, on the charged offenses, the defendant's sentence must be limited to a severity level 4 sentence.

We granted the defendant's petition for review regarding the admission of footprints at the scene and more importantly regarding the jury instruction on the manufacturing or attempting to manufacture meth. Only one instruction was given on manufacturing and attempting to manufacture meth. The defendant was convicted of manufacture or attempted manufacture of meth. The Court of Appeals acknowledged that the instruction incorporated two separate offenses but reasoned that the jury verdict would not have been different if a separate instruction had been given on the attempt because the only evidence admitted at trial was that the defendant manufactured meth. In his petition for review, the defendant claims that the footprint evidence should not have been admitted, the instruction given was clearly erroneous in that the jury was misled, and a different result would follow if the jury had been properly instructed. The facts necessary for the issue regarding the admission of footprints evidence are set forth in our discussion and resolution of that issue.

State's Cross-Petition for Review Issue

In its cross-petition, the State argues that the Court of Appeals erred in vacating the defendant's downward departure sentence of 96 months for a severity level 1 drug felony (138-154 months), on the conviction of possession of pseudoephedrine or ephedrine and remanding to the district court for a severity level 4 drug felony (10-12 months) sentence on the same charge under *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). Resolution of this issue involves the interpretation of statutes which is a question of law permitting unlimited review. *State v. Engles*, 270 Kan. 530, 532, 17 P.3d 355 (2001). The following

statutes in effect at the time of the offense are applicable to this analysis.

K.S.A. 2000 Supp. 65-7006 provided in relevant part: "(a) It shall be unlawful for any person to possess ephedrine, pseudoephedrine or phenylpropanolamine, or their salts, isomers or salts of isomers with intent to use the product as a precursor to any illegal substance." A violation of this section is a drug severity level 1 felony. K.S.A. 2000 Supp. 65-7006(d).

K.S.A. 2000 Supp. 65-4152, provided in relevant part: "(a) No person shall use or posses with intent to use: . . . (3) any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, sell or distribute a controlled substance in violation of the uniform controlled substances act." Violation of this subsection other than by planting, propagation, growing, or harvesting less then five marijuana plants, is a drug severity level 4 felony. K.S.A. 2000 Supp. 65-4152(c).

K.S.A. 65-4150(c) defines drug paraphernalia as

"all equipment, products and materials of any kind which are used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the uniform controlled substances act."

Drug paraphernalia includes but is not limited to:

"(2) Kits used or intended for use in manufacturing, compounding, converting, producing, processing or preparing controlled substances.

. . . .

"(8) Blenders, bowls, containers, spoons and mixing devices used or intended for use in compounding controlled substances." K.S.A. 65-4150(c)(2), (8).

In *Frazier*, the defendant was convicted of possession of ephedrine or pseudoephedrine, a drug severity level 1 felony, pursuant to K.S.A. 2001 Supp. 65-7006(a), and he argued on appeal that the conduct for which he was convicted also fell under the statute prohibiting possession of drug paraphernalia, a drug severity level 4 felony, pursuant to K.S.A. 2001 Supp. 65-4152(a)(3). The Court of Appeals found that possession of ephedrine or pseudoephedrine

and possession of drug paraphernalia are identical offenses because both offenses prohibit the possession of ephedrine or pseudoephedrine for use in the manufacture of a controlled substance, and ephedrine and pseudoephedrine fall within the definition of drug paraphernalia because they are materials used to manufacture a controlled substance. As the offenses were identical, the defendant could only be sentenced for a drug severity level 4 felony. 30 Kan. App. 2d at 403-06. See *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 (1989) ("Where two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision.").

In this case, the State argues that the Court of Appeals erred in relying upon *Frazier* because it was incorrectly decided. The State argues that the elements of possession of drug paraphernalia and the elements of possession of ephedrine or pseudoephedrine are not identical; that the defendant could only be charged and convicted under the more specific possession of ephedrine or pseudoephedrine statute rather than the general drug paraphernalia statute; and that the legislative intent of K.S.A. 2000 Supp. 65-7006 was to create a specific crime addressing and punishing one kind of drug paraphernalia more severely than the other kinds of drug paraphernalia covered by the general statute, K.S.A. 2000 Supp. 65-4152(a)(3).

We recently rejected the State's arguments in *State v. Campbell*, 279 Kan.1, 106 P.3d 1129 (2005). *Campbell* came before this court on petition for review from a Court of Appeals' decision which had declined to follow *Frazier. State v. Campbell*, 31 Kan. App. 2d 1123, 78 P.3d 1178 (2003). After examining the legislative history and language of the statutes, the *Campbell* panel concluded that possession of ephedrine or pseudoephedrine was the more specific statute which controlled over the more general possession of drug paraphernalia statute, that K.S.A. 65-4152(a)(3) and K.S.A. 65-7006 were not identical offenses, and that 65-7006 was intended to criminalize possession and uses of specific substances which are used as a precursor to any illegal substance. 31 Kan. App. 2d at 1134-37.

In reversing on appeal, we found it was unnecessary to consider the legislative history because the statutes were not ambiguous and the legislative intent was clear. Unlike either the *Frazier* or *Campbell* panels, we recognized three situations where a defendant's conduct may fall within two statutes (1) where one statute defines a lesser included offense of the other and they carry different penalties, (2) where the statutes overlap and carry different penalties, and (3) where the statutes are identical. 279 Kan. at 14 (quoting 4 LaFave, Israel & King, Criminal Procedure, § 13.7[a], pp. 95-99 [2d ed. 1999]). We found that "the unfettered prosecutorial discretion that is the mischief of some courts, including Kansas courts, seek to avoid is significantly curbed when the statutes are overlapping, as contrasted with identical or duplicative statutes." 279 Kan. at 15. We agreed with the ultimate conclusion of *Frazier*, if not the exact reasoning:

"With regard to guidance in prosecutorial charging decisions, the statutes at issue here are overlapping rather than duplicative, which as described in LaFave, Israel & King present the hard case because to the extent of any overlap, the conduct involved is identical. The conduct prohibited by K.S.A. 65-7006(a) is a defendant's act of knowingly possessing ephedrine or pseudoephedrine with the intent to use the product to manufacture a controlled substance. The conduct prohibited by K.S.A. 65-4152(a)(3) is a defendant's act of knowingly possessing drug paraphernalia with the intent to use it to manufacture a controlled substance. The definition of drug paraphernalia in K.S.A. 65-4150(c) includes 'products and materials of any kind' which are intended for use in manufacturing a controlled substance. Thus, the conduct prohibited by K.S.A. 65-4152(a)(3) may include a defendant's act of knowingly possessing a product with the intent to use it to manufacture a controlled substance. Ephedrine and pseudoephedrine are products used in the manufacture of a controlled substance, methamphetamine. Indeed, in K.S.A. 65-7006(a) the legislature used the term 'product' as a synonym for ephedrine or pseudoephedrine. In the circumstances of this case, the elements of the offense were knowingly possessing ephedrine or pseudoephedrine with the intent to use it to manufacture a controlled substance. The elements were the same whether Campbell had been charged under the ephedrine statute or the drug paraphernalia statute. Consequently, he must be sentenced under the lesser penalty provisions for violation of 65-4152(a)(3)."

Likewise, in this case, the elements of K.S.A. 2000 Supp. 65-7006, possession of ephedrine or pseudoephedrine, and K.S.A. 2000 Supp. 65-4152(a)(3), possession of drug paraphernalia with

the intent to use it to manufacture a controlled substance, were overlapping rather than identical. *Campbell* thus counsels that the defendant should have been sentenced under the lesser penalty provisions of K.S.A. 2000 Supp. 5-4152(a)(3), a severity level 4 felony. While the Court of Appeals reliance upon *Frazier* was misplaced in light of *Campbell*, it properly reversed and remanded the case for resentencing of the possession of ephedrine or pseudoephedrine conviction as a severity level 4 felony.

## The Defendant's Petition for Review

### A. Jury Instruction

"No party may assign as error the giving or failure to give an instruction, including a lesser included crime instruction, unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is clearly erroneous. The failure to give an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that absent the alleged error there was a real possibility the jury would have returned a different verdict." *State v. Boone*, 277 Kan. 208, Syl. ¶ 8, 83 P.3d 195 (2004).

The defendant argues that the district court erred by failing to instruct the jury on the elements of attempting to manufacture meth. The defendant was charged and convicted of manufacture or attempted manufacture of meth in violation of K.S.A. 2000 Supp. 65-4152. At trial, the following relevant jury instruction was given without objection:

"The defendant is charged with the crime of unlawfully manufacturing or attempting to manufacture a controlled substance. The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
1. That the defendant manufactured or attempted to manufacture a controlled substance known as amphetamine or methamphetamine;
2. That the defendant did so intentionally; and
·3. That this act occurred on or about the 2nd day of May, 2001, in Pratt County, Kansas."

On appeal, the Court of Appeals found that while the attempt to manufacture meth and the manufacture of meth were two separate offenses, the failure to give an attempt instruction was not clearly erroneous in this case. The panel reasoned that the jury's verdict would not have been different if the attempt instruction

had been given because no substantial evidence was presented to support an attempt conviction. It pointed to evidence that meth oil was produced which simply needed to be filtered in order for the meth to be usable and noted that K.S.A. 65-4159(a) does not require meth to be in usable form.

On petition for review, the defendant argues the instructions given misstated the law and the Court of Appeals' conclusion was erroneous for two reasons. First, he contends the panel failed to view the evidence of an attempt to manufacture in the light most favorable to the defendant so as to warrant giving the lesser included instruction on attempt. With this instruction, he contends a real possibility exists that the jury would have reached a different verdict. Second, he argues that the instructions were clearly erroneous because the court failed to give a proper instruction of either offense under *State v. Foster*, No. 87,154, unpublished opinion filed September 6, 2002.

Kansas case law supports the defendant's argument that the jury instruction in this case misstated the law. An attempt to manufacture meth and the manufacture of meth are two separate offenses. *State v. Martens*, 274 Kan. 459, 54 P.3d 960 (2002). In order to prove the crime of manufacture of meth, the State must show that the defendant "(1) intentionally (2) completed the manufacture of methamphetamine or (3) could have successfully manufactured methamphetamine." *Martens*, 274 Kan. at 466. Attempted manufacture of meth is proven by demonstrating that the defendant "(1) performed an overt act toward the commission of a certain crime, (2) did so with the intent to commit the crime, and (3) failed to perpetrate the crime or was prevented or intercepted in the execution of the crime." 274 Kan. at 466.

In *State v. Peterson*, 273 Kan. 217, 223, 42 P.3d 137 (2002), the jury was given an instruction which combined the offenses of manufacture and attempt to manufacture meth. The defendant's request for a lesser included instruction on attempt was denied. On appeal, this court found that attempt to manufacture meth may be considered a lesser included offense of the manufacture of meth and, thus, the instructions given by the trial court, when considered

as a whole, failed to properly and fairly state the law and were likely to mislead the jury. 273 Kan. at 223.

In *State v. Capps*, 33 Kan. App. 2d 37, 40, 99 P.3d 138 (2004), the panel concluded that an attempted manufacture of meth jury instruction which simply added the word "attempted" to the PIK instruction for manufacture of meth was "woefully inadequate and clearly erroneous." The court found that the three elements of attempt discussed in *Martens* are essential, and the jury especially needed to hear that an overt act is something more than mere preparation. The panel found that although a clearly erroneous standard was applicable, the trial court has a duty to define the offense charged, stating the essential elements of the crime, and a jury instruction which omits an essential element of the crime is clearly erroneous.

These cases correctly provide that the instruction given in this case was erroneous because it misstated the law by combining two offenses which contain different essential elements. In order to be clearly erroneous, however, a real possibility that the jury would have returned a different verdict must exist. The Court of Appeals and the defendant focus on whether evidence was presented which would support an attempt to manufacture meth conviction in determining if the jury would have reached a different conclusion. This analysis misses the point.

Based upon the instructions given, the jury convicted the defendant of not just manufacturing meth, but manufacturing meth or attempted manufacturing of meth, and the instructions failed to set forth the proper elements of either offense. Where two separate crimes are charged in one information and the trial court instructs the jury in the language of the information failing to identify the proper elements of either offense, the resulting guilty verdict to both crimes must be reversed.

In this case, while the journal entry characterizes the conviction as manufacture of meth and erroneously cites subsection (b)(1) of K.S.A. 65-4159, of which subsection (b)(1) was omitted from the 2000 Supplement applicable to this case, the jury found the defendant guilty of unlawfully manufacturing or attempting to manufacture a controlled substance on the verdict form. If the proper

instructions had been given, the verdict would have been different because the defendant could only have been convicted of one crime or the other. The instruction given in this case was clearly erroneous because it misstated the law and, absent this error, a real possibility exists that the jury would have returned a different verdict. The defendant's conviction for unlawfully manufacturing or attempting to manufacture a controlled substance must be reversed and the case remanded for new trial.

## B. Admission of Footprints Evidence

The defendant argues that the district court abused its discretion by admitting evidence of footprints without proper foundation when the shoes were never admitted into evidence. The admission of evidence is within the district court's discretion. Discretion is abused when the district court's action is arbitrary, fanciful, or unreasonable. *State v. Pennington,* 276 Kan. 841, 844, 80 P.3d 44 (2003).

Detective Jeff Ward took photographs of footprints found at the scene amongst lithium battery strips and packaging materials. A ruler next to the footprints demonstrated their size. Prior to trial, the defense filed a motion in limine seeking to exclude Ward's testimony that the footprints found at the crime scene matched the defendant's shoes. The defense argued that scientific verification or expert testimony was necessary to draw that correlation and the defendant's shoes were a common brand. The district court denied the motion after a hearing.

At trial, Ward relayed his observations that the size and tread of the shoes the defendant was wearing when questioned later that day matched one of the footprints, and the tread of the sandals worn by a codefendant matched the other footprint. Ward explained that the defendant's shoes had a distinctive pattern that looked like a "burro's head." The defense did not object to this testimony; however, it did object to the admission of the photographs for the reasons it had discussed at the pretrial hearing.

Although Ward and Miller identified the shoes as belonging to the defendant, the district court refused to admit the defendant's shoes into evidence at trial because the State failed to establish a

proper chain of custody—the jailer who physically removed the shoes from the defendant's feet did not testify at trial.

The Court of Appeals found that the defense had failed to preserve this evidentiary issue for review by not objecting to Ward's testimony regarding the footprints. Nevertheless, it found that Ward's testimony regarding the distinctive tread pattern was admissible under *State v. Jackson*, 220 Kan. 675, 678, 556 P.2d 885 (1976). *Jackson* provides that "expert testimony is not required for footprint testimony and a lay witness is generally allowed to give such testimony provided he bases his conclusion on measurements or peculiarities of the tracks." 220 Kan. at 678.

On petition for review, the defendant argues that Ward's testimony and photographs were highly prejudicial and were not sufficiently based on the measurements or peculiarities of the tracks to be admissible under *Jackson*. He also argues that Ward's conclusion was not based on proper foundation, reasoning that Ward needed to do more than measure the footprint and make a quick visual observation of the shoes, such as measuring the actual shoes, making a plaster cast of the footprints, determining how common the shoes were, or testing to see if the shoes matched the footprints at the scene.

The defendant's argument ignores the two critical facts that support the Court of Appeals' decision. First, the defense did not object to Ward's testimony comparing the footprints to the defendant's shoes—it only objected to the admission of the photographs. A party must make a timely and specific objection to the admission of evidence at trial in order to preserve the issue for appeal. *State v. Kunellis*, 276 Kan. 461, 477, 78 P.3d 776 (2003). As such, the defendant has not properly preserved this issue for appeal.

Second, even if the court found the issue was preserved based on the objection to the photographs, the defendant's argument is without merit. Although he acknowledges that lay witnesses may provide footprint testimony based on "measurements or peculiarities of the tracks," he overlooks the fact that the detective did in fact testify that he based his decision on the distinctive treads which looked like a "burro's head." The Court of Appeals properly concluded that the district court did not abuse its discretion in admit-

ting this evidence because it satisfied the *Jackson* test. This analysis also renders the defendant's argument regarding cumulative error moot.

The defendant's convictions of possession of pseudoephedrine or ephedrine, possession of drug paraphernalia, and possession of meth are affirmed, his sentence on the possession of pseudoephedrine or ephedrine conviction is vacated, and the case is remanded for resentencing. The defendant's conviction for manufacture or attempt to manufacture meth is reversed and remanded for further proceedings.

The judgment of the Court of Appeals is affirmed in part, reversed in part, and remanded. Judgment of the district court is affirmed in part and reversed in part.

GERNON and BEIER, JJ., not participating.

BRAZIL, S.J., assigned.