(199 P.3d 1278)
No. 99,229

STATE OF KANSAS, *Appellee*, v. PAUL L. DAVISON, *Appellant*.

—

Opinion filed January 30, 2009.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, for the appellant.

*Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Stephen N. Six*, attorney general, for the appellee.

Before CAPLINGER, P.J., ELLIOTT, J., and BUKATY, S.J.

BUKATY, J.: Paul L. Davison appeals his conviction for the crime of removal of a theft detection device, in violation of K.S.A. 21-3764(d). He argues the district court clearly erred in instructing the jury on the elements of the offense. We agree.

The district court instructed the jury based on the recommended language in PIK Crim. 3d 59.67-B that was in effect at the time of trial. After the trial, that instruction was modified with some additional language. We conclude that the instruction given by the court, even though in line with the recommended PIK instruction at the time, was an improper statement of the law and erroneous. We further conclude there was a real possibility the jury would have returned a different verdict had the instruction been a correct statement of the law. We reverse and remand with instructions.

Before considering the merits of the appeal, we first must address the significance of the fact that Davison died shortly after filing the notice of appeal. The State argues that Davison's death has rendered his appeal moot and deprived this court of jurisdiction. Specifically, it argues that Davison's death has rendered a retrial impossible and that addressing the merits of his challenge on appeal would not serve the public interest.

Whether this court has jurisdiction is a question of law. Our scope of review is unlimited. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007).

Kansas courts have repeatedly held that the death of a defendant does not abate his or her direct appeal as it is in the interest of the public that the issues raised on appeal be adjudicated on the merits. *State v. Burnison*, 247 Kan. 19, 32, 795 P.2d 32 (1990); *State v. Jones*, 220 Kan. 136, Syl. ¶¶ 1-2, 551 P.2d 801 (1976); *State v. Escalante*, 35 Kan. App. 2d 381, 387-88, 130 P.3d 1111, *rev. denied* 282 Kan. 793 (2006). This is true despite the fact that a defendant's death moots his or her sentence and renders impossible a new trial. *Burnison*, 247 Kan. at 32; *Escalante*, 35 Kan. App. 2d at 388. We

have jurisdiction to address this appeal and will proceed to the merits of it.

We begin with the facts. The charges arose out of an incident at a Wal-Mart store when Steve Luken, an asset protection associate, observed Davison and Oshpuk Higgins placing a large quantity of DVDs into their cart. Luken began focusing on the two when he noticed they were selecting large quantities of DVDs without picking out specific titles, a common shoplifting tactic. Eventually, he observed Davison remove DVD discs from their packages and then put the discs in his pocket. The packages contained theft detection devices. Davison then left the empty DVD packages with the detection devices still in them on a shelf in another aisle.

The evidence conflicts as to exactly where Luken first confronted Davison. In any event, Luken approached him, identified himself as a Wal-Mart security employee, and took him to an office in the store. While there, Luken retrieved the stolen DVDs from Davison and calculated their value at $174.34.

The State charged Davison with one count of removal of a theft detection device, pursuant to K.S.A. 21-3764(d), and one count of theft under $1000, pursuant to K.S.A. 21-3701.

The case proceeded to trial, and Davison testified in his own defense. He admitted to stealing the DVDs and to removing the discs from their cases in order to facilitate an easier theft from the store. However, he denied knowledge that the DVD cases contained theft detection devices or that he intentionally removed the theft detection devices.

The jury found Davison guilty of both charges. Removal of a theft detection device is a severity level 9 nonperson felony, and misdemeanor theft is a class A nonperson misdemeanor. Davison received sentences of 12 months' incarceration in the custody of the Secretary of Corrections for removal of a theft detection device and 12 months in the Shawnee County jail for misdemeanor theft. The district court ordered the sentences to run concurrently and granted probation for 12 months.

On appeal, Davison does not challenge the conviction of misdemeanor theft. He appeals only the conviction of removing the theft detection device and argues that the instruction given by the

district court on the elements of the charge did not contain a reference to the specific intent required to establish a crime under K.S.A. 21-3764(d). That statute provides: "Unlawful removal of a theft detection device is intentionally removing the device from the merchandise prior to purchase." In interpreting the provision, our Supreme Court defined "removal" as impairment or damage that causes "a loss of physical contact between the theft detection device and the merchandise" or a change in the position of the device "from a place on the merchandise to a place not on it." *State v. Armstrong*, 276 Kan. 819, 824, 80 P.3d 378 (2003).

The instruction given by the district court on the elements of the charge read:

"The defendant is charged in Count No. 1 of the complaint with the crime of removal of a theft detection shielding device. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That Wal-Mart owned merchandise equipped with a theft detection device;

"2. That the defendant, Paul L. Davison without the permission of the Wal-Mart removed the theft detection prior to purchase; and

"3. That this act occurred on or about the 5th day of September, 2006, in Shawnee County, Kansas."

As we stated, this instruction followed, with relevant factual insertions, the recommended instruction found in PIK Crim. 3d 59.67-B that was in effect at the time of trial.

The State responds that the trial court did not err in giving this instruction because it followed the PIK recommended instruction. Alternatively, the State argues that even if it was an incorrect statement of the law, it was not clearly erroneous and does not warrant a reversal.

Davison did not object to the instruction as given by the trial court or request a specific intent instruction. In such an instance, we apply a clearly erroneous standard in our review of the instructions. See K.S.A. 22-3413(3); *State v. Copperwood*, 282 Kan. 572, 581, 147 P.3d 125 (2006). Instructions are clearly erroneous only if the reviewing court " 'is firmly convinced there is a real possibility that the jury would have rendered a different verdict if the trial error had not occurred.' [Citations omitted.]" *State v. Carter*, 284 Kan. 312, 324, 160 P.3d 457 (2007).

Before determining if the instruction in question here was "clearly erroneous," we will first examine whether the instruction was erroneous at all. In other words, was it a correct statement of the law? We answer the question: No, it was not a correct statement of law and was erroneous.

The instruction contained no mention of any required intent on the part of the defendant. In essence, it informed the jury it need only find Davison removed the device and nothing more in order to find him guilty. It renders the crime one of strict liability even if Davison did not know of the device.

As we noted, the recommended instruction in PIK Crim. 3d 59.67-B from which the trial court instructed the jury was revised after Davison's trial. It now reads, with the added amendments italicized:

"The defendant is charged with removal of a theft detection device. To establish this charge each of the following claims must be proved:
"1. That (name of owner) owned merchandise equipped with a theft detection device;
"2. That defendant, without the permission of (name of owner) *intentionally* removed the theft detection device prior to purchase;
"3. *That the defendant removed the theft detection device with the intention of making theft of the merchandise easier; and*
"4. That this act occurred on or about the _____ day of _____, _____ in _____ County, Kansas." (Emphasis added.) PIK Crim. 3d 59.67-B (2007 Supp.).

Following this revised instruction is this comment: "In *State v. Armstrong*, 276 Kan. 819, 825-828, 80 P.3d 378 (2003), the court upheld the constitutionality of K.S.A. 21-3764(d) by adding a specific intent element." Apparently, this revision of the PIK instruction came into being in response to *Armstrong*.

In *Armstrong*, our Supreme Court considered four consolidated appeals that challenged K.S.A. 21-3764(d) as being unconstitutionally vague. In order to uphold the statute, the court read into it an element of specific intent. 276 Kan. at 825-26. However, "[t]he use of the lone word 'intentionally' before the word 'remove' in subsection (d) requires only that the actor must commit a volitional act rather than an accidental one. [Citation omitted.]" 276 Kan. at

826. The defendant must commit the volitional act with criminal intent, a specific intent to facilitate a theft. 276 Kan. at 827-28.

The *Armstrong* court did not face precisely the same issue that is before us here. However, it does provide guidance in our resolution of the issue Davison raises. In *Armstrong*, the facts in each of four consolidated cases were that the defendants were each observed actually removing the detection devices from the merchandise as opposed to the situation here where Davison removed merchandise from packages having the devices in them. *Armstrong* is silent as to whether any of the defendants raised the defense that they did not know of the existence of the devices. Nor did *Armstrong* address whether a defendant's knowledge of the device was a required element of the crime. Instead, the issue involved the vagueness of the statute defining the crime. What *Armstrong* did do was to read into the elements of the crime the requirement that a defendant must have removed the detection device with intent to facilitate a theft.

What renders *Armstrong* pertinent here is its rationale for this holding:

"First, the statute itself explicitly states that it shall be 'part of and supplemental to the Kansas *criminal* code.' (Emphasis added.) K.S.A. 2002 Supp. 21-3764(f). We have recognized that criminal statutes imply the necessity of proving a criminal purpose. 'In common law, it was the general rule that acts are criminal only when they are accompanied by a blameworthy state of mind.' *State v. Thompson*, 237 Kan. 562, 566-67, 701 P.2d 694 (1985). In *State v. Hart*, 200 Kan. 153, 157, 434 P.2d 999 (1967) (quoting *State v. Shedoudy*, 45 N.M. 516, 524, 118 P.2d 280 [1941]), we said: '[W]hen an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it.' An exception would arise only if it clearly appeared the legislature intended to make an act criminal without regard to the actor's purpose. *Hart*, 200 Kan. at 157; see *Thompson*, 237 Kan. at 567; accord *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 821-23, 861 P.2d 1334 (1993) (legislature has power to create absolute liability offenses, must clearly indicate intention)." *Armstrong*, 276 Kan. at 827.

This same rationale compels us to conclude that the term "intentionally" found in K.S.A. 21-3764(d) requires that for a defendant who removes merchandise from a package to be guilty of vio-

lating the statute, he or she must have knowledge of the theft detection device, in addition to having the specific intent to facilitate a theft, as interpreted in *Armstrong*. It is difficult to imagine that one could be guilty of "intentionally removing the device" from merchandise if one does not know the device is on the merchandise or in the package that contains it.

Because the trial court's elements instruction in this case contained no reference to the elements of knowledge and specific intent required by K.S.A. 21-3764(d), *Armstrong*, and our conclusion above, it was not a correct statement of the law and was erroneous. While not binding on this panel, we note that another panel of this court also found the same unrevised PIK instruction to be erroneous, and we find its reasoning persuasive. See *State v. Quinn*, No. 98,195, unpublished opinion filed August 15, 2008.

We now turn to the question of whether the instruction was *clearly* erroneous such that we are convinced there is a real possibility the jury would have rendered a different verdict had the instruction been a correct statement of the law. See *State v. Hunt*, 285 Kan. 855, 862-64, 176 P.3d 183 (2008); *State v. Cherry*, 279 Kan. 535, 541-44, 112 P.3d 224 (2005); *Quinn*, slip op. at 8-9.

The trial record establishes that Luken saw Davison remove the DVDs from their packages. Within the packages were the theft detection devices. Luken described the devices:

"Q. [Prosecutor:]   Okay. What are theft detection devices?

"A.   They're basically stickers that are placed inside of merchandise to activate our alarms if they are not deactivated.

"Q.   And did you see Mr. Davison remove the disks from these packages?

"A.   Yes I did.

"Q.   You actually saw him remove the theft detection devices?

"A.   I saw him remove the disk from the package that contained the theft detection device.

"Q.   So he removed those from the disk?

"A.   Yes."

Davison testified in part as follows:

"Q.   [Defense counsel:]   Do you have anything you want to add to [what happened]?

"A.   Yeah, I know it was wrong. And a felony—because all I did was take some [DVDs], which was wrong, but I didn't remove a theft device.

"Q. Okay. And why do you not think you removed a theft detection device?

"A. Because I left the theft device on the case. All I did was remove the [DVDs]. I didn't remove the device, itself, even though I know it could be the same thing, but to me it's a little bit different. It's just two different charges; charging me with theft for taking the [DVDs], and trying to charge me with removing the device, itself."

On cross-examination, Davison further testified:

"Q. [Prosecutor:]   Did you know there were theft detection devices on the DVDs?

"A. No, I didn't.

"Q. Why did you remove them from the packages?

"A. It's just easier.

"Q. Easier to do what?

"A. To get them.

"Q. Easier to get them out of the store?

"A. Yes."

Davison testified he did not know there were theft detection devices on the DVDs. There is no clear definitive evidence that establishes otherwise in this record on appeal. Luken testified only that he saw Davison remove the DVDs from the packages they were in. He provided no direct evidence of Davison's knowledge of the detection devices. The trial court then instructed only that Davison "without permission of the Wal-Mart store removed the theft detection prior to purchase." Apparently, there is no question this happened. However, had the jury been instructed that the State had to prove Davison *"intentionally* removed the theft detection device," as required by K.S.A. 21-3764(d), there is a real possibility that it would have rendered a different verdict based on this evidence.

Had there been evidence that Davison should have known the theft detection devices were in the packages, such as clearly marked tags that could be seen from the outside of the packages, or that he removed the devices themselves (as in *Quinn*) and not just the packages, the instruction given perhaps would have amounted to harmless error and not required reversal. But under the evidence presented, this was not the situation.

Reversed and remanded with instructions to vacate the conviction for removal of a theft detection device.