No. 100,037

STATE OF KANSAS, *Appellee*, v. JASON S. SANDBERG, *Appellant*.

(235 P.3d 476)

Opinion filed July 23, 2010.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Jason E. Geier*, assistant district attorney, argued the cause, and *Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: In enacting K.S.A. 21-3523, the Kansas Legislature defined two severity levels for an offense of electronically enticing or soliciting a child to commit or submit to an unlawful sex act. The only distinction between the two severity levels is the age of the person being enticed or solicited or, more accurately, the age the offender believes that person to be. A more severe punishment

may be imposed if the offender believes the person being enticed or solicited is younger than 14 years of age. K.S.A. 21-3523(a)(2), (b) (severity level 1 person felony). A less severe punishment is imposed if the offender believes the person is younger than 16 years of age. K.S.A. 21-3523(a)(1), (b) (severity level 3 person felony). These age groups overlap, meaning that a prosecutor has the discretion to charge an offender with either a severity level 1 or a severity level 3 person felony if the offender believes the person being enticed or solicited is younger than 14 years of age. Pointing to this overlap, Jason S. Sandberg, who was charged with the more severe level 1 person felony, argues Kansas' identical offense sentencing doctrine and the rule of lenity require that he be sentenced to the lesser severity level 3 person felony sentence.

We reject his arguments, which would require us to expand the identical offense sentencing doctrine beyond past applications. Past cases have applied the doctrine if *two* criminal offenses have identical elements but different penalty provisions; in such a case, we have held that a defendant convicted of either crime may be sentenced only under the lesser penalty provision. In this case, Sandberg seeks to apply the doctrine to severity levels of the *same* offense. We decline to expand the doctrine in this manner and also conclude the rule of lenity does not require a prosecutor to charge the lowest applicable severity level of a given crime.

### FACTUAL AND PROCEDURAL OVERVIEW

The indictment charging Sandberg with electronic solicitation of a child in violation of K.S.A. 2006 Supp. 21-3523 did not specify which subsection of the statute was charged. However, both the indictment and the written plea agreement identified the crime as the most severe, *i.e.*, a severity level 1 person felony pursuant to K.S.A. 2006 Supp. 21-3523(a)(2), (b). Sandberg pleaded no contest to this charge. During the plea hearing, the factual basis offered in support of the plea established that Sandberg electronically solicited or enticed a person whom he believed to be 13 years old to commit or submit to an unlawful sex act. Sandberg indicated that he understood the crime was a severity level 1 person felony car-

rying a sentencing range of 147 to 653 months, depending on his criminal history score.

After entering the plea and before being sentenced, Sandberg filed a motion for a dispositional and durational departure. He argued there were mitigating factors warranting a departure, and he raised the argument that Kansas' identical offense sentencing doctrine required that he be sentenced under the lesser of the two severity levels—*i.e.*, a severity level 3 person felony. The district court heard arguments on the motion and directed briefing of the identical offense issue.

In deciding the issue, the district court viewed the issue as one of statutory construction. The district court concluded K.S.A. 2006 Supp. 21-3523 was ambiguous and, consequently, a review of the legislative history was warranted. Based on that review, the district court determined the legislature intended for offenders to receive a harsher punishment when the offender believed the victim to be younger than 14 years of age. Accordingly, the court imposed the severity level 1 punishment specified in K.S.A. 2006 Supp. 21-3523(a)(2), (b) and sentenced Sandberg to a 184-month prison sentence.

Sandberg appealed his sentence, raising only his arguments that the identical offense sentencing doctrine and rule of lenity required sentencing him to the penalty applicable to a level 3 person felony. Consequently, Sandberg is not attacking the validity of his conviction, the facts supporting that conviction, or the failure to depart because of mitigating circumstances. This court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

## IDENTICAL OFFENSE SENTENCING DOCTRINE

The identical offense sentencing doctrine is unique to Kansas and a handful of other jurisdictions and, as applied in Kansas, the doctrine is defined in decisions of this court. Under the Kansas doctrine, if two criminal offenses have identical elements but different penalty classifications, a defendant convicted of either crime may be sentenced only under the lesser penalty provision. *State v. Thompson*, 287 Kan. 238, 253, 258-59, 200 P.3d 22 (2009).

This doctrine differs from the analytical approach adopted by the United States Supreme Court in *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979), when faced with a due process and equal protection challenge brought by a defendant who had been sentenced to the more severe penalty allowed by two overlapping statutes. However, Sandberg does not raise the due process considerations adopted in *Batchelder*; he relies exclusively on the application of the Kansas doctrine. Consequently, if the Kansas doctrine does not apply, there is no need for a further due process analysis.

On appeal, as before the district court, the parties' arguments assume that the identical offense sentencing doctrine applies to the overlapping provisions at issue. However, the State does make an argument that implicitly suggests the doctrine does not apply when it argues that courts should further the legislative intent of imposing the more severe penalty when the victim is believed to be younger than 14 years of age. The reason we suggest this is an implicit argument that the doctrine does not apply is because our past cases have indicated that legislative intent plays no role in an identical offense sentencing doctrine analysis. Rather, regardless of the legislature's intent, "[i]f the elements in overlapping provisions are identical, the due process considerations involved in Kansas' identical offense sentencing doctrine apply and a defendant may only be sentenced to the lesser punishment provided for in the identical, overlapping provisions." *Thompson*, 287 Kan. at 258.

Regardless, at least directly, the parties have skipped the threshold analytical step of determining whether the doctrine applies. Only if it does would we reach the level of analysis on which the parties focus and determine whether the doctrine required the district court to impose a severity level 3 person felony sentence. Even though the parties did not address the threshold question, our analysis would be erroneous if we blindly applied the doctrine without determining whether the circumstances warranted our doing so. Consequently, we address the question even though it was not directly raised by the parties. See *State v. Sedillos*, 279 Kan. 777, 785, 112 P.3d 854 (2005) (appellate court may address ques-

tion not raised by parties when issues cannot be fully analyzed without doing so).

## A. Standard of Review

The question of whether Kansas' identical offense sentencing doctrine applies is a question of law. On appeal, questions of law are reviewed de novo. *State v. Appleby*, 289 Kan. 1017, 1038, 221 P.3d 525 (2009).

## B. Application of Kansas' Identical Offense Sentencing Doctrine

Several years after the *Batchelder* decision, this court applied the identical offense sentencing doctrine in *State v. Clements*, 241 Kan. 77, 83, 734 P.2d 1096 (1987). In *Clements*, the defendant was charged with aggravated criminal sodomy under K.S.A. 1986 Supp. 21-3506, a class B felony. On appeal, this court vacated the sentence and ordered that Clements be sentenced to the term applicable when one takes indecent liberties with a child under the age of 14 by performing an act of sodomy, a class C felony defined by K.S.A. 1984 Supp. 21-3503(1)(b). In reaching this holding, this court explained:

"Where identical offenses are involved, the question is *not truly a matter of one being a lesser included offense of the other*. Each has identical elements and the decision as to which penalty to seek cannot be a matter of prosecutorial whimsy in charging. As to identical offenses, a defendant can only be sentenced under the lesser penalty." (Emphasis added.) *Clements*, 241 Kan. at 83.

Through this language this court distinguished the identical offense sentencing doctrine from lesser included offense principles. This is significant to our discussion because we are dealing with a lesser included offense as defined by the Kansas Legislature in K.S.A. 21-3107(2)(a) (a lesser included offense is, *inter alia*, a crime that is a "lesser degree of the same crime").

Two years later, this court applied the *Clements* holding to the same statutes—aggravated sodomy and indecent liberties by committing sodomy—and defined the doctrine by clarifying the circumstances in which it applied. We stated: "Where *two criminal offenses* have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision."

(Emphasis added.) *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 (1989). Significantly, as the emphasized language indicates, the *Nunn* statement of the doctrine limited its application to circumstances where two criminal offenses were being compared.

Subsequently, this court has used the same language in each case where we have applied the doctrine, and, in each of these cases, the doctrine was applied to two separate offenses. *E.g., State v. Cooper*, 285 Kan. 964, 966-67, 179 P.3d 439 (2008) (applying to K.S.A. 65-4152[a][3] and K.S.A. 65-4159[a]); *State v. Fanning*, 281 Kan. 1176, 1180, 135 P.3d 1067 (2006) (applying to K.S.A. 65-4152[a][3] and K.S.A. 65-4159); *State v. Cherry*, 279 Kan. 535, 538-41, 112 P.3d 224 (2005) (applying to K.S.A. 65-4152[a][3] and K.S.A. 65-7006); *State v. Campbell*, 279 Kan. 1, 4, 10, 106 P.3d 1129 (2005) (applying to K.S.A. 65-4152[a][3] and K.S.A. 65-7006[a]); *State v. McAdam*, 277 Kan. 136, 145-46, 83 P.3d 161 (2004) (applying to K.S.A. 65-4159[a] and K.S.A. 65-4161[a]).

Hence, the critical language defining the application of the identical offense sentencing doctrine in our past cases has two components: (1) *two* criminal offenses that (2) have identical elements. In contrast, Sandberg attempts to apply the doctrine to severity levels of the *same* offense. This raises the question of whether the doctrine should apply in the present circumstance.

## C.  Is Expansion Warranted?

To answer the question of whether Kansas' identical offense sentencing doctrine should be applied when severity levels of the same offense have overlapping provisions, we will examine the purpose of and policy underlying the doctrine. In *Clements*, this court explained the underlying policy as the need to avoid "prosecutorial whimsy." *Clements*, 241 Kan. at 83. This concern was repeated in *Nunn*, 244 Kan. at 229. Subsequently, in *Cooper*, we noted the *Clements-Nunn* prosecutorial whimsy concern but also observed that subsequent cases had recognized an additional due process concern, which we summarized by stating: "[I]t is difficult to discern legislative intent regarding the level of punishment when *two statutes* that proscribe the same conduct have identical elements

but differing sentencing provisions." (Emphasis added.) *Cooper,* 285 Kan. at 968.

In *Cooper,* we noted that both concerns had been discussed in *Campbell,* 279 Kan. at 16. In *Campbell,* we identified three circumstances where statutory provisions might have identical elements and we explained the differing due process implications of each situation, stating:

" '[I]t is useful to think about three types of situations in which a defendant's conduct may fall within two statutes. They are: (1) where one statute defines a lesser included offense of the other and they carry different penalties . . . ; (2) where the statutes overlap and carry different penalties . . . ; (3) where the statutes are identical . . . .

" 'The first of the three is certainly unobjectionable. Such provisions are quite common (robbery-armed robbery; battery-aggravated battery; joyriding-theft; housebreaking-burglary), and usually are a consequence of a deliberate attempt by the legislature to identify one or more aggravated characteristics which in the judgment of the legislature should ordinarily be viewed as making the lesser crime more serious. They afford guidance to the prosecutor, but . . . do not foreclose the prosecutor from deciding in a particular case that, notwithstanding the presence of one of the aggravated facts, the defendant will still be prosecuted for the lesser offense.

" 'By contrast, the third of the three is highly objectionable. It is likely to be a consequence of legislative carelessness, and even if it is not such a scheme serves no legitimate purpose. There is nothing at all rational about this kind of statutory scheme, as it provides for different penalties without any effort whatsoever to explain a basis for the difference. It cannot be explained in terms of giving assistance to the prosecutor. "Where statutes are identical except for punishment, the prosecutor finds not the slightest shred of guidance." It confers discretion which is totally unfettered and which is totally unnecessary. . . .

" 'As for the second of the three categories, it clearly presents a harder case. . . . [I]n the overlap scheme the two statutes will at least *sometimes* assist the prosecutor in deciding how to exercise his charging discretion. "In overlapping statutes, the focus frequently is on different types of conduct, thus giving the prosecutor at least some idea of which statute he should proceed under." ' " *Campbell,* 279 Kan. at 14-15 (quoting 4 LaFave, Israel & King, Criminal Procedure § 13.7[a], pp. 95-99 [2d ed. 1999]).

This case falls within the first category—lesser included offenses— that is " 'certainly unobjectionable.' [Citation omitted.]" *Campbell,* 279 Kan. at 14. As explained in *Campbell,* when the legislature creates a hierarchy of degrees of an offense, it provides

guidance as to the aggravating factor or factors. Nevertheless, we emphasized that this was simply legislative guidance to the prosecutor because nothing " 'foreclose[s] the prosecutor from deciding in a particular case that, notwithstanding the presence of one of the aggravated facts, the defendant will still be prosecuted for the lesser offense.' [Citation omitted.]" *Campbell,* 279 Kan. at 14. In other words, in charging a robbery offense, a prosecutor could ignore the use of a weapon and decline to charge armed or aggravated robbery and instead prosecute the lesser offense. Or, in a battery case, the prosecutor could ignore a more serious degree of bodily injury and charge battery rather than aggravated battery. Similarly, a prosecutor charging a violation of K.S.A. 2006 Supp. 21-3523 could choose to ignore the fact a victim was believed to be younger than 14 years of age—the aggravating factor in the electronic solicitation statute—and charge the defendant with a lesser offense. On the other hand, where the aggravating factor is factually applicable, the prosecutor may charge the more severe crime.

This conclusion is not altered by the fact the legislature could have easily and clearly drawn the line between severity levels in K.S.A. 2006 Supp. 21-3523 so there was no overlap in the defined age ranges. See, *e.g.,* L. 2009, ch. 70, sec. 1 (amending K.S.A. 2006 Supp. 21-3523 to make severity level 3 offense apply only when offender believes person being enticed or solicited is "14 or more years of age but less than 16 years of age"); K.S.A. 21-3504(a)(1) (unlawful to have sexual intercourse with a child "who is 14 or more years of age but less than 16 years of age"). The Kansas identical offense sentencing doctrine does not require this segregation. For example, again using an example cited in *Campbell,* 279 Kan. at 14, we have not held that an offender could never be charged with aggravated robbery because he or she could be charged with a less severe degree of robbery. Similarly, a prosecutor should not be precluded from charging an offender with the greater offense of electronic solicitation simply because the offender could be charged with the lesser offense. This is especially true where, as here, there is a strong practical rationale for giving a prosecutor discretion when potentially the only difference between one crime

and another is one day on the calendar—*e.g.,* where one crime occurs the day *before* the victim's 14th birthday and the other occurs *on* the victim's 14th birthday.

Moreover, K.S.A. 2006 Supp. 21-3523 clearly gives notice of the potential penalty. As the district court observed, where there is ambiguity it arises because of the potential for either section to be applied when the offender believes the victim is younger than 14 years of age. Once again, however, this ambiguity arises in every case where the facts fit several severity levels of the same crime. Even though an offender may not know how a prosecutor will exercise his or her discretion in charging, the offender knows of the potential. As Sandberg admitted at his plea hearing, he had notice that he could be sentenced under a severity level 1 person felony.

In other words, there is no more discretion granted to the prosecutor in this case and no less notice of possible penalties than in other charging situations where a prosecutor must decide which severity level of the same crime should be charged. We, therefore, decline to extend Kansas' identical offense sentencing doctrine to the circumstances of this case and conclude it does not apply to severity levels of the same offense.

## RULE OF LENITY

Sandberg also argues that the rule of lenity requires that he be sentenced under the lesser of the two severity levels. He cites no separate authority to support this argument.

The rule of lenity is a canon of statutory construction commonly applied in the criminal law context. *State v. Schoonover,* 281 Kan. 453, 470, 133 P.3d 48 (2006). It has no application in this analysis. As we have noted, K.S.A. 2006 Supp. 21-3523 is clear and unambiguous as written. Although the district court perceived an ambiguity when the statute is applied to situations where the victim is believed to be younger than 14 years of age, the ambiguity does not arise because of ambiguity in the language; the provisions are clearly written and clearly overlap. The perceived ambiguity is whether the legislature really intended an overlap or wanted a clear segregation that did not leave any prosecutorial discretion. Nev-

ertheless, courts need not resolve that question because " '[n]o matter what the legislature may have really intended to do, *if it did not in fact do it, under any reasonable interpretation of the language used,* the defect is one which the legislature alone can correct.' [Citation omitted.]" *Kenyon v. Kansas Power & Light Co.,* 254 Kan. 287, 293, 864 P.2d 1161 (1993). Here, regardless of whether the legislature meant to, it clearly created an overlap, and the only question presented is whether that overlap violates Sandberg's right to due process. The rule of lenity is not an appropriate tool for that analysis because the rule does not require a prosecutor to charge the least severe level in a hierarchy of included offenses. The rule of lenity provides Sandberg no relief.

We conclude, therefore, that the district court ultimately reached the correct conclusion that Sandberg could be sentenced to a severity level 1 person felony sentence, even though the district court used different grounds for reaching that conclusion. See *State v. Hawkins,* 285 Kan. 842, 845, 176 P.3d 174 (2008) (judgment of district court may be upheld on appeal despite its reliance on the wrong ground). Sandberg was appropriately sentenced to a severity level 1 person felony.

Affirmed.

＊ ＊ ＊

JOHNSON, J., dissenting: I respectfully dissent. If we are going to continue to recognize the court-made identical offense doctrine in this state, it should apply here.

The majority quotes *Campbell's* recitation of the three circumstances where statutory provisions might have identical elements: " '(1) where one statute defines a lesser included offense of [another offense] and they carry different penalties . . . ; (2) where the statutes overlap and carry different penalties . . . ; (3) where the statutes are identical.' " *State v. Campbell,* 279 Kan. 1, 14, 106 P.3d 1129 (2005) (quoting 4 LaFave, Israel & King, Criminal Procedure § 13.7(a), p. 95). The majority acknowledges that the provisions of K.S.A. 21-3523(a)(1) and (a)(2) fit within the second circumstance of overlapping provisions. However, because the legislature labeled K.S.A. 21-3523(a)(1) as a lesser degree of the

crime defined in K.S.A. 21-3523(a)(2), the provisions also fall within the first circumstance of a lesser included offense. The majority opines that lesser included offenses were never intended to be covered by the identical offense doctrine; rather, the doctrine only applies where two separate statutes are involved.

If it is true that all lesser included offenses are not subject to the identical offense doctrine, regardless of whether they fit into another circumstance, then there would be nothing to prohibit a lesser included offense which is identical to the greater degree of the crime, *i.e.*, the third circumstance of identical statutory provisions. Accordingly, the legislature could have made the age of the victim element in both K.S.A. 21-3523(a)(1) and (a)(2) to be a person younger than 16 years of age, so long as it made one of the crimes a lesser degree of the other by specifying a lesser penalty. Then, under the majority's rationale, the identical offense doctrine could not be utilized to prevent a prosecutor from arbitrarily selecting either punishment for a violation of the identical statutory provisions, unfettered by the rule of lenity or due process considerations.

As the majority notes, the original rationale for the identical offense doctrine was that "the decision as to which penalty to seek cannot be a matter of prosecutorial whimsy in charging." *State v. Clements*, 241 Kan. 77, 83, 734 P.2d 1096 (1987). Ironically, the majority justifies excluding from the doctrine those statutory provisions which the legislature has labeled as lesser included offenses based upon unfettered prosecutorial discretion. The majority notes that prosecutors are always free to ignore the facts and choose to prosecute a defendant for a lesser crime, *i.e.*, exercise prosecutorial whimsy in charging. While the recognition that prosecutorial discretion permits whimsical decision-making in the real world might counsel against continuing the identical offense doctrine in this state, I do not view it as justifying the disparate treatment of overlapping provisions based upon where they are placed in the statute book.

Moreover, I would note a distinction in the majority's examples of prosecutorial discretion with respect to lesser included offenses. Those examples require the prosecutor to ignore a fact, *e.g.*, that

the robbery was committed with a deadly weapon or that the battery victim sustained great bodily harm. In those instances, the lesser included offenses are a subset of the greater crime because an additional fact must be added to the lesser included offense to satisfy the elements of the greater offense. Here, if Sandberg believed that the person he was enticing or soliciting was age 13, then he believed both that the victim was under the age of 14 years and that the victim was under the age of 16 years. In other words, the greater degree of the crime is a subset of the lesser included offense because persons under age 14 years are among those persons who are under age 16 years. The prosecutor did not have to ignore any fact in order to legitimately charge Sandberg under the elements of the lesser crime.

As noted by the majority, the rationale for the doctrine has evolved to include due process considerations. See *State v. Thompson*, 287 Kan. 238, 257, 200 P. 3d 22 (2009). Nevertheless, the majority contends that the overlapping provisions do not violate those due process considerations because they give appropriate notice of the potential penalties involved. In that regard, the opinion points out that Sandberg had notice at the plea hearing that he was charged with the severity level 1 version of the offense. However, in my view, the notice problem arises at the earlier stage, when the crime is being committed. " '[A] fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.' " *Wright v. Federal Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir. 2006) (quoting *United States v. Bass*, 404 U.S. 336, 348, 30 L. Ed. 2d 488, 92 S. Ct. 515 [1971]) (discussing the principle of lenity).

I would have required the statute to give more explicit warning as to the punishment which would be applicable to the proscribed conduct, especially given the legislature's demonstrated ability to clearly distinguish crime severity based upon the victim's age. See, e.g., K.S.A. 21-3504(a)(1) (unlawful to have sexual intercourse with a child "who is 14 or more years of age but less than 16 years of age"). Accordingly, I would reverse and remand for resentencing the offense as a severity level 3 person felony.