NOT DESIGNATED FOR PUBLICATION

No. 114,014

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACKERY MIKEL GERTSCHITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed April 29, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*: Zackery Gertschitz appeals the district court's denial of his motion to correct an illegal sentence. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Gertschitz' motion for summary disposition in lieu of briefing. We find that his sentence is not illegal and, accordingly, affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

In August 2009, Gertschitz pled no contest to electronic solicitation of a minor. Because the minor was under the age of 14, the district court classified the offense as a level 1 felony. Based on this offense level and Gertschitz' criminal history score, the

1

district court sentenced him to 226 months' imprisonment. Gertschitz filed a direct appeal, which we summarily affirmed in part and dismissed in part.

In March 2015, Gertschitz filed a motion to correct illegal sentence, arguing that because his victim was under both 14 and 16 years old, the identical offense doctrine and rule of lenity each required that the crime be classified as a level 3 felony. See K.S.A. 21-3523(b). The district court denied his motion, and Gertschitz timely appealed.

ANALYSIS

On appeal, Gertschitz renews his arguments concerning the severity level of his conviction. And although the district court denied his motion on a general ground that the "motion fails to raise substantial issues of fact or law requiring any further proceedings," Gertschitz acknowledges that as to his specific arguments on appeal our Kansas identical offense doctrine has been found not to apply to different severity levels of the same offense. See *State v. Sandberg*, 290 Kan. 980, 986-88, 235 P.3d 476 (2010) (holding that the identical offense doctrine does not apply to different severity levels of electronic solicitation). Similarly, the rule of lenity provides Gertschitz no relief as the statute at issue is "clear and unambiguous as written." 290 Kan. at 988. We are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *State v. Jones*, 44 Kan. App. 2d 139, 142, 234 P.3d 31 (2010), *rev. denied* 292 Kan. 967 (2011). Because the Supreme Court has already rejected Gertschitz' arguments, we are duty bound to do the same. Gertschitz' sentence is not illegal, and the decision of the district court is affirmed.

Affirmed.