NOT DESIGNATED FOR PUBLICATION

No. 113,654

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANETTA JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 6, 2016. Reversed and remanded with directions.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*:  Before remanding a defendant to serve his or her sentence following a probation revocation, the court is generally required to impose intermediate sanctions. But if the court finds that the defendant absconded or with particularity finds that the welfare of the defendant would not be served by imposing intermediate sanctions the court can bypass the sanctions. See K.S.A. 2014 Supp. 22-3716(c)(8), (9). Ranetta Jackson was placed on probation after pleading guilty to possession of methamphetamine, forgery, and criminal damage to property. Jackson violated the terms

1

of her probation and was taken in to custody. At her probation revocation hearing, the district court revoked Jackson's probation and imposed her underlying sentence without first ordering her to serve an intermediate sanction based on its findings that Jackson had absconded from supervision and that a return to probation was not in Jackson's best interests. Jackson now appeals. Because we find that Jackson did not abscond and the court failed to state with particularity the reasons her welfare would not be served by imposition of intermediate sanctions, we reverse and remand for a new dispositional hearing.

FACTUAL AND PROCEDURAL HISTORY

Jackson pled guilty to one count of possession of methamphetamine, one count of forgery, and one count of criminal damage to property, in exchange for the State's recommendation of a downward dispositional departure to probation. The district court accepted Jackson's plea and sentenced her in accordance with the recommendations contained in the plea agreement, with the caveat that probation would begin after Jackson finished serving her prison sentence in a prior case.

Two days after her release from prison, Jackson reported to her probation officer as required. She was required to submit to a urinalysis test which was positive for the presence of drugs or alcohol. Jackson was scheduled to meet with her probation officer again about 2 weeks later but canceled the meeting for health reasons. The meeting was rescheduled for the following week, but Jackson did not attend it and did not contact her probation officer again to reschedule.

Approximately 1 month after Jackson was released from prison, she was taken into custody for violating the terms of her probation by consuming drugs or alcohol, failing to report to her probation officer, and failing to report to drug treatment. Jackson stipulated to the violations and asked that her probation be reinstated so that she could

2

attend drug treatment as planned. The district court denied Jackson's request and imposed her underlying sentence after finding that Jackson had absconded from supervision and that a return to probation would not be beneficial to her welfare. Jackson now appeals.

ANALYSIS

Jackson argues that the district court erred when it revoked her probation without first imposing graduated sanctions as required by K.S.A. 2014 Supp. 22-3716(c)(1). There is no dispute that Jackson violated her probation; in fact, she stipulated that she did. The issue presented is whether the court was required to first impose graduated sanctions before remanding her to serve the balance of her sentence in prison. Whether the district court properly imposed a sentence after revoking Jackson's probation invokes a question of law over which an appellate court exercises unlimited review. See *State v. Sandberg*, 290 Kan. 980, 984, 235 P.3d 476 (2010). Likewise, our review is unlimited to the extent that resolution of this issue requires statutory interpretation. See *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

Regardless of whether a judge has threatened previously to revoke a defendant's probation if there are any violations, the legislature has clearly chosen to limit the court's ability to follow through on such a threat. K.S.A. 2014 Supp. 22-3716(c)(1)(B) requires, with a few limited exceptions, that for a first violation of probation in a case, the court is prohibited from imposing more than 18 days in jail, to be served in 2-day or 3-day consecutive sessions. But if the defendant commits a new crime or absconds from supervision while on probation, the court can bypass this intermediate sanction and remand the defendant to serve the balance of his or her term in prison. K.S.A. 2014 Supp. 22-3716(c)(8). Likewise, if "the court finds and sets forth with particularity the reasons for the finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction" the court may also bypass alternative sanctions. K.S.A. 2014 Supp. 22-3716(c)(9).

3

Here, the district court made the following remarks:

"THE COURT: Miss Jackson, just so the record's clear, Mr. Edwards is right. I do have quite a history with you. At your last PV on 13 CR 2687, while we did look at Residential and ultimately you didn't qualify for that, you were ultimately revoked to DOC for just a couple months because that's all you had left on your sentence. But the reason was you had absconded on that case while you were on probation to me and you had committed new crimes. In that last case you absconded for about two weeks also.

"At our sentencing in September [on this case] I was pretty clear to you that when you got out of prison after those two months and you started this probation that you better comply. And I am going to give you the benefit of the doubt that you still apparently have some sort of a meth problem, but when you turn around and abscond again almost immediately and you don't take any steps to enter the treatment then probation doesn't seem cut out for you or vice versa. I was actually pretty easy on you in that case because I gave you a probation that there was very little that you actually had to do other than get into treatment. I'll remind you, Miss Jackson, you were presumptive prison on this case and you were special rule because you were on probation and bond, I believe. So probation does not seem to be something that you're either willing or able to accomplish.

"I reviewed Dr. Parker's psychological evaluation. He certainly gives some interesting insight into you in his opinion, but I think you had enough opportunities at probation. And I guess I'd have to disagree that I'm giving up on you. What I think it is is there are consequences to your actions. You avoided a major bullet back in September when you were even given probation on this case when you were presumptive prison. You have squandered that opportunity, and we just can't keep going in this cycle that you're in and that you're sucking us into. I'm not going to be part of it, because I don't believe it's frankly in your benefit to try and go back on probation. There's no doubt you need treatment, but you've had plenty of opportunities for that.

"So at this point I think we're going to have to follow through on what I advised you was a strong possibility if you didn't comply. You couldn't even last a month on probation. I'm going to find that pursuant to K.S.A. 22-3716 the defendant has

4

absconded. And noting her history, I'm going to also make a finding that it is not in this defendant's welfare to serve any intermediate sanctions based upon that history and the nature of these violations and in particular her history of absconding on the pervious case and on this case. I'm going to revoke her probation and I'm going to impose sentence at this time."

Additionally, in the journal entry of judgment, the district court made note that it was revoking probation and imposing the underlying sentence based on its findings: "1. Defendant absconded from supervision. 2. Based on defendant's history, it is not in the defendant's best interest to serve any sanctions."

So we must determine whether Jackson had, in fact, absconded and whether the district court set forth with particularity the reasons for the finding that Jackson's welfare would not be served by an intermediate sanction. If either of these stated grounds for an exception existed, then the district judge did not err in bypassing alternative sanctions. We take each exception in turn.

*Jackson did not abscond.*

Jackson's first argument is that the district court erred when it determined she had absconded from supervision and used this finding to bypass the intermediate sanctions required by K.S.A. 2014 Supp. 22-3716(c)(1)(B). In support of her argument, Jackson relies primarily on *State v. Huckey*, 51 Kan. App. 2d 451, 348 P.3d 997 (2015), *rev. denied* 302 Kan. ___ (August 12, 2015). There, Huckey violated the terms of his probation by failing to report to intake/orientation, failing to relocate as directed, failing to be at his reported residence, using illegal drugs, and failing to schedule transportation that would have allowed him to report as directed. After confirming that Huckey had been gone from supervision for more than 2 months, the district court determined that Huckey had absconded, revoked his probation, and ordered him to serve his underlying prison sentence.

5

On appeal, Huckey argued that while he had violated the terms of his probation by failing to report to supervision, he had not absconded. This court agreed, recognizing that abscond means "'[t]o depart secretly or suddenly, especially to avoid arrest, prosecution or service of process.'" 51 Kan. App. 2d at 455. Failing to report for supervision, without more, is not evidence that a person has absconded, it is merely indicative of absentee status. 51 Kan. App. 2d at 457. To establish that a person has absconded, the State bears the burden of proving by a preponderance of the evidence that the probationer has "fled or hidden himself [or herself] or deliberately acted to avoid arrest, prosecution, or service of process." See 51 Kan. App. 2d at 457-58. In Huckey's case, all the State proved was that Huckey failed to report, not that he took evasive maneuvers to avoid justice.

The State argues that *State v. Coffman*, No. 112,885, 2015 WL 9287029 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 13, 2016, is a more analogous case. In *Coffman*, this court again attempted to determine under what set of circumstances a probationer can be found to have absconded for purposes of K.S.A. 2014 Supp. 22-3716(c). There, Coffman violated the terms of her probation by failing to report to her probation officer as directed, failing to submit to urinalysis testing, failing to attempt to find suitable employment, failing to keep her probation officer advised of her current address, failing to obtain a mental health evaluation, failing to pay court imposed fines, and failing to complete community service hours. At Coffman's probation revocation hearing, her probation officer, Tonda McGrath, testified that she attempted to contact and locate Coffman a number of times after her first missed appointment. McGrath testified that she called and left messages on Coffman's and her boyfriend's phones, and attempted to contact Coffman at her last known residential address and at a motel after receiving a tip that Coffman was staying there. Coffman herself testified that between the day she last reported for supervision and the day of her probation revocation hearing 3 months later, she moved three times without notifying or attempting to notify McGrath. At the close of the hearing, the court revoked Coffman's probation, determined

that she had absconded from supervision, and ordered her to serve her underlying sentence.

On appeal, this court affirmed the district court. The panel recognized the recent holding in *Huckey*, and determined that Coffman had done more than merely fail to report. 2015 WL 9287029, at *3-4. In support of its position, the panel made note of "Coffman's frequent moves coupled with McGrath's numerous attempts to contact Coffman" and decided that Coffman's behavior "supported a conclusion that Coffman departed secretly or suddenly to avoid supervision by her probation officer." 2015 WL 9287029, at *4.

Here, Jackson reported to supervision once, on November 13, 2014. Jackson then called on December 2, the date of her second scheduled meeting, to let her probation officer know that she had injured her back and would not be able to attend the meeting, and rescheduled for the following week. Jackson failed to report to the rescheduled meeting. On December 15, Jackson was taken into custody on a warrant for violating the terms of her probation. Unlike in *Coffman*, there was no testimony that efforts had been made to contact or locate Jackson between December 2 and 15.

Although the district court did not have the benefit of the *Huckey* decision at the time it found that Jackson absconded, we find the district court erred when it determined that Jackson absconded. Jackson was out of contact with her probation officer for only 2 weeks before she was arrested for violating the terms of her probation. She did nothing that would indicate that she had absconded from supervision other than fail to report. Merely failing to report, especially for a time period as short as 2 weeks, is insufficient evidence of absconding to justify revoking probation and imposing an offender's underlying sentence. See *Huckey*, 51 Kan. App. 2d at 457.

*The district court failed to set forth with particularity the reasons why Jackson's welfare would not be served by being placed back on probation.*

The State argues that even if the district court erred when it determined Jackson absconded from supervision, the revocation should be upheld on the alternate basis that Jackson's welfare would not be served by being placed back on probation.

In order for an offender's welfare to serve as the basis for bypassing intermediate sanctions, a district court must set "forth with particularity the reasons for finding that . . . the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9). This court recently addressed the requirements of K.S.A. 2014 Supp. 22-3716(c)(9) in *State v. McFeeters*, 52 Kan. App. 2d 45, 362 P.3d 603 (2015). There, the district court revoked McFeeters' probation and ordered him to serve his underlying sentence without first imposing a 120 to 180 day intermediate sentence, finding that "'public safety or offender welfare' would not be served" by a lesser sanction. 52 Kan. App. 2d at 47. Specifically, the district court found:

> "'My major concern is drug usage. This is a drug case; you've failed to go to treatment. You only reported from the records that I see for about two months and I don't know how many UAs you had in two months, but I would venture to say you didn't have that many. You had one that you were dirty, you may have had more, I don't know how many you had. That was one question I was going to ask Mr. James, unfortunately, he is not here today, but you stopped reporting in two months. I don't know about the drug treatment and what was set up and whether you could get in right away or not, but it seems to me if you had been on probation before, you knew what you needed to do, you did not do that, you picked up another charge in the meantime, albeit a minor charge, apparently, the municipal court charge, but I do have concerns. I read through last night your LSI-R report and the substance abuse evaluation and I think there was some question in the substance abuse evaluation how accurate your recollection was with regard to your usage of drugs. I think that there was some conflicts, at least the evaluator believed that you said different things different times as to your drug usage, but definitely the

8

recommendation was for completion of the intensive outpatient treatment program which you did not do.'" 52 Kan. App. 2d at 47.

In the district court's journal entry, it added that "McFeeters did not attempt to go to treatment, he had been on probation before, he was charged with another crime, and the probation officer did not feel he could adequately supervise McFeeters." 52 Kan. App. 2d at 47. On appeal, this court determined that

> "[t]he remarks made by the district court at McFeeters' revocation simply repeat the type of reasoning historically relied upon by sentencing courts . . . . [The remarks] fail to explain *how* members of the public would be jeopardized if McFeeters remained on probation or *how* McFeeters' welfare would not be served by imposition of the intermediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(1)." 52 Kan. App. 2d at 49.

K.S.A. 2014 Supp. 22-3716(c)(9)'s mandate of particularity requires district courts to make findings specific to individual defendants that do more than recite the defendant's violations—courts must offer some explanation for why public or personal welfare would not be served by continued probation.

The district court's discussion here is very similar to the rationale provided by the district court in *McFeeters* and disapproved of by this court. Much of the district court's discussion relates to Jackson's history with the court and with drug abuse rather than how probation would affect Jackson's future welfare. When the district court directly addressed the impact of probation on Jackson's future, it acknowledged that drug treatment, something that could be incorporated into the terms of Jackson's probation and would not be available in prison, would be beneficial to her. Additionally, the court erroneously relied on Jackson's status as an absconder—an incorrect appellation as discussed above—as evidence that she was not fit for probation.

9

Since the district court failed to set forth with particularity the reasons for finding that Jackson's welfare would not be served by an intermediate sanction, it was error to impose her underlying sentence. Accordingly, we remand for a new dispositional hearing, after which the district court should either impose an intermediate sanction or set forth with particularity the reasons for revoking Jackson's probation and imposing her underlying sentence.

Reversed and remanded with directions.