CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

Nos. 114,248
114,249

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDIE LIVINGSTONE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed October 14, 2016. Reversed and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*: Eddie Livingstone appeals the district court's decision to bypass intermediate sanctions and directly impose the underlying prison sentences after finding Livingstone violated the terms and conditions of his probation in two cases. In bypassing intermediate sanctions, the district court relied on two statutory exceptions to the legislative mandate requiring intermediate sanctions before imposing an underlying prison sentence: first, when the court finds that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by intermediate

1

sanctions and, second, when the offender absconds from supervision. On appeal, Livingstone claims that the district court failed to comply with the statutory requirement to make particularized findings regarding public safety and that the evidence does not support the district court's finding that he absconded. We agree. Because neither of the K.S.A. 2014 Supp. 22-3716(c) exceptions relied on by the court to bypass intermediate sanctions was met, we reverse and remand for a new dispositional hearing as more specifically described below.

FACTS

On August 5, 2013, Livingstone entered a guilty plea in case 12 CR 1042 to one count of possession of marijuana after a prior conviction. His criminal history placed him in a presumptive prison category pursuant to the Kansas Sentencing Guidelines Act. At sentencing, however, the district court followed the request of the parties and granted Livingstone a downward dispositional departure to 12 months' probation with an underlying prison sentence of 42 months.

In case 13 CR 3567, Livingstone entered a guilty plea to one count of possession of marijuana after a prior conviction. At the August 15, 2014, sentencing for that case, the district court granted both a downward dispositional and durational departure sentence of 24 months' probation with an underlying 12-month prison sentence. The district court found that community treatment options were available to Livingstone and ordered him to residential community corrections. The court also revoked, reinstated, and extended Livingstone's probation in 12 CR 1042 due to the new conviction and modified Livingstone's underlying prison sentence from 42 months to 12 months in that case to run consecutively with 13 CR 3567.

On February 4, 2015, an Intensive Supervision Officer (ISO) employed by the Kansas Department of Corrections filed an affidavit alleging Livingstone had violated the

2

terms and conditions of his residential community corrections supervision. Specifically, the ISO alleged: (1) Livingstone had been disrespectful to the residential staff; (2) he signed out of the residential facility for almost 12 hours and his whereabouts were unknown on January 29, 2015; (3) he falsely reported to the residential staff that he had been at work on January 29, 2015; (4) his whereabouts were unknown from 7:46 a.m. to 5:34 p.m. on January 30, 2015; and (5) his whereabouts were unknown from 6:22 p.m. to 8:12 p.m. on February 2, 2015.

The court conducted an evidentiary hearing on the alleged violations and, at the conclusion of the matter, found the State had sustained its burden to establish the violations by a preponderance of the evidence. The district court imposed Livingstone's underlying sentence without first ordering him to serve an intermediate sanction based on its findings that a return to probation was unwarranted and that Livingstone had absconded from supervision.

ANALYSIS

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Livingstone bears the burden of showing such an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Moreover, whether the district court properly imposed a sentence after revoking Livingstone's probation invokes a question of law over which an appellate court exercises unlimited review. See *State v. Sandberg*, 290 Kan. 980, 984, 235 P.3d 476 (2010). Likewise, review is unlimited to the extent resolution of the issues requires statutory interpretation. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

As a preliminary matter, January 2015 was the time period in which Livingstone was alleged to have violated the terms and conditions of residential community corrections supervision. Accordingly, K.S.A. 2014 Supp. 22-3716 is the proper procedural statute to apply to the facts in this case. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (probation violation procedure governed by the law at the time the violation occurred, rather than the law at the time the probation revocation hearing is held or when the underlying crime was committed), *rev. denied* 302 Kan. 1017 (2015). Pursuant to K.S.A. 2014 Supp. 22-3716(c), the district court is statutorily required to impose graduated intermediate sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. Although not entirely clear, it appears from the record that Livingstone's ISO may have imposed a 3-day intermediate sanction as authorized under K.S.A. 2014 Supp. 22-3716(b)(4)(B). Thus, before imposing Livingstone's underlying sentence, it appears the district court was required to impose either the 120- or 180-day sanction found in K.S.A. 2014 Supp. 22-3716(c)(1)(C) or (c)(1)(D), unless one of the statutory exceptions applied.

The State argues that two exceptions apply here: (1) "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"; and (2) if the offender "absconds from supervision while the offender is on probation [or] assignment to a community correctional services program." K.S.A. 2014 Supp. 22-3716(c)(8), (c)(9). At the hearing on the matter, the district court judge stated the following in support of his decision to bypass intermediate sanctions and impose the underlying sentences in both cases:

> "Well, the problem is, Mr. Livingstone, I mean, probation—I mean, it's not like school, where if I do 70 percent I get a C and pass, you know, it's 100 percent. I've got a—it's like high jump, I got to jump over the bar, even if I clear all but the last inch, I have not met even the minimum.

4

"And the courts, Judge Waller, residential, they tried to get you to complete a program. Judge Waller even denied the State's request that you be sent to prison and granted you a second chance and gave you residential. Now, residential, that's our highest level of supervision, we don't have anything higher than that. And if this were the first time you were here I'd give you a little jail sanction, put you back on probation.

"But at this point, after repeated offenses, repeated probations, putting you—giving you sanctions, putting you into residential, I don't have any other options, because that's my highest level. So I will revoke and impose the underlying prison sentences.

. . . .

"The good thing about this, Mr. Livingstone, is you go finish your time up on this and you will have post-release but you won't ever have any probation on this any longer. And so it's—this helps you get this behind you, too, so you can just move on with your life when you get out.

"Okay. Also, I will make findings that the House Bill 2170 at this point don't apply due to public safety issues, and make findings the defendant was an absconder for the periods of time that he was gone from the residential program. So I'll find that they don't apply for those reasons."

*Particularity*

In his first claim of error, Livingstone argues the district court's statements are insufficient to invoke the exception found in K.S.A. 2014 Supp. 22-3716(c)(9) because they do not "set[] forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

This court has held that "[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). With regard to the particularity requirement set forth in K.S.A. 2014 Supp. 22-3716(c)(9), the district court is required to explicitly address how the public safety would be jeopardized or how the offender's welfare would be

5

compromised if the court were to impose the required intermediate sanctions. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). In *McFeeters*, the district court bypassed intermediate sanctions based on evidence of the offender's drug relapses and failure to report to drug treatment, his history on probation, questions about his honesty in completing his drug evaluation, and the fact that he picked up a municipal court charge. Reversing the district court's decision to impose the defendant's underlying prison term, the *McFeeters* court held:

> "The remarks made by the district court at McFeeters' revocation simply repeat the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion to revoke the privilege of probation. The law has changed. Simply stated, the district court's conclusory remarks about McFeeters' apparent unwillingness or inability to conform his behavior to the requirements of probation fail to explain *how* members of the public would be jeopardized if McFeeters remained on probation or *how* McFeeters' welfare would not be served by imposition of the immediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(1)." 52 Kan. App. 2d at 49.

Here, like in *McFeeters*, the district court failed to address with any particularity how the public would be jeopardized or Livingstone's welfare would not be served if the court bypassed intermediate sanctions, as required by the statute. And the only comment about Livingstone's future—that serving his prison sentence will get the case behind him—applies to all probation cases and is not a particularized finding about Livingstone.

Based on the record and the State's arguments, any relationship between the court's findings and the exception in K.S.A. 2014 Supp. 22-3716(c)(9) would have to be implied. Implicit findings are insufficient when particularized findings are required by statute. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004). Thus, the district court's statements for bypassing intermediate sanctions and imposing the underlying sentence are insufficient to invoke the exception found in K.S.A. 2014 Supp. 22-

6

3716(c)(9) because they do not set forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction.

*Absconding from supervision*

Livingstone next claims that the district court erred when it determined he absconded from residential community corrections supervision. This court recently explained the procedure for determining the absconder issue in *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). The State first must allege that the probationer absconded. Then, at an evidentiary hearing, the State must prove that the probationer absconded by a preponderance of the evidence, so that the district court may rule on the evidence. On appeal, this court reviews the factual findings for substantial evidence. 51 Kan. App. 2d at 457.

At Livingstone's probation violation hearing, the court heard evidence and then found that Livingstone had violated the terms of supervision, in part because he signed out of his residential supervision to go to work but did not go to work and his whereabouts were unknown for periods of time. The journal entry describes the violations in relevant part as follows:

- "Defendant failed to remain in place of assignment while at the Residential Center; on 01/29/15, defendant signed out to work at 5:22 a.m. and returned to the Center at 5:08 p.m. Defendant failed to go to work and his whereabouts during these times are unknown."
- "Defendant failed to remain in place of assignment while at the Residential Center; on 01/30/15, defendant signed out to work at 5:29 a.m. Defendant's time care [*sic*] shows that he was at work from 7:00 a.m. to 7:46 a.m. ADAM

7

showed that he had turned himself in at 5:34 p.m. for a three (3) day jail sanction. Defendant's whereabouts from 7:46 a.m. to 5:34 p.m. are unknown."

- "Defendant failed to remain in place of assignment while at the Residential Center; on 02/03/15, defendant was released from SCADF at 6:22 p.m. and signed into the Residential Center at 8:12 p.m. Defendant's whereabouts from 07:22 p.m. [*sic*] to 8:12 p.m. are unknown."

The State asked the court to impose Livingstone's underlying prison term but made no allegation or argument based on Livingstone's absence from residential in making this dispositional argument to the court. The only finding by the district court during the dispositional portion of the hearing was that "the defendant was an absconder for the periods of time that he was gone from the residential program."

Absconding is "'[t]o depart secretly or suddenly, especially to avoid arrest, prosecution or service of process,'" or that the offender has "fled or hidden himself [or herself] or deliberately acted to avoid arrest, prosecution, or service of process." *Huckey*, 51 Kan. App. 2d at 455, 458. Here, as Livingstone argues, the total amount of time that he was unaccounted for was less than 24 hours. Moreover, Livingstone never failed to return to supervision; there is no evidence that he ever attempted to avoid arrest, prosecution, or service of process. See *Huckey*, 51 Kan. App. 2d at 458. The evidence only shows that he did not report his whereabouts to the residential staff for three periods of time, none of which was longer than 12 hours. In fact, community corrections employees did not become aware that Livingstone failed to go to work on January 29 and 30—and therefore did not become aware that Livingstone's whereabouts were unknown on January 29 and 30—until February 3.

This court has repeatedly held that the mere failure to report is insufficient evidence of absconding within the meaning of K.S.A. 2014 Supp. 22-3716(c)(8). *Huckey*, 51 Kan. App. 2d at 456 ("Absconding is more than just not reporting."); see *State v.*

*Frisbie*, No. 113,968, 2016 WL 2942411, at \*3 (Kan. App. 2016) (unpublished opinion) ("The State merely alleged that Frisbie did not report for a month. That alone is not absconding."). The State briefly notes, without argument, that the *Huckey* decision was filed after the court's decision to impose Livingstone's underlying prison sentence in this case. But this court has applied the *Huckey* standard in reviewing earlier cases. See, *e.g.*, *State v. Croslin*, No. 113,695, 2016 WL 758661, at \*3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* March 23, 2016. And the State failed to make any argument to the district court that Livingstone's prison term should be imposed due to his status as an absconder—not because the court is using a different standard than was articulated at the time of the hearing. The State failed to show by a preponderance of the evidence that Livingstone absconded; accordingly, we find the district court erred to the extent that it bypassed intermediate sanctions and imposed Livingstone's underlying prison sentence on that ground.

For the reasons stated above, we reverse the district court's order revoking Livingstone's probation and remand the case to the district court for a new dispositional hearing. At that hearing, the district court should either impose intermediate sanctions authorized by K.S.A. 2014 Supp. 22-3716(c) or, in the alternative, set forth with particularity its reasons for finding that the safety of the members of the public would be jeopardized or that Livingstone's welfare would not be served by additional intermediate sanctions.

Reversed and remanded with directions.