NOT DESIGNATED FOR PUBLICATION

No. 128,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC DAVID LIPP,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN BOSCH, judge. Submitted without oral argument. Opinion filed January 2, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Lipp appeals the district court's denial of his motion to correct an illegal sentence. He contends that he was unlawfully sentenced under the more serious of two identical offenses, when the identical offense doctrine instructs that he may only be sentenced under the lesser penalty of two identical offenses.

1

In August 2014, the State charged Eric Lipp with five counts, which included as count one possession of methamphetamine with intent to distribute at least 3.5 grams of methamphetamine, a severity level 2 drug felony, and as count three possession of methamphetamine with intent to distribute at least 10 dosage units of methamphetamine, a severity level 3 drug felony. Important to this case is the fact that both crimes were charged under the same subsection of the same statute. The version in effect when Lipp committed these crimes, K.S.A. 2014 Supp. 21-5705(a)(1), stated:

> "(a) It shall be unlawful for any person to distribute or possess with the intent to distribute any of the following controlled substances or controlled substance analogs thereof:
> (1) Opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107, and amendments thereto."

The statute goes on to provide that the severity level of the offense is determined by the quantity and form of the drugs seized. A severity level 2 drug felony under K.S.A. 2014 Supp. 21-5705(a)(l), (d)(3)(C), which was the basis for count one of the complaint, requires at least 3.5 grams but less than 100 grams of the listed drug. A severity level 3 drug felony under K.S.A. 2014 Supp. 21-5705(a)(l), (d)(4)(B), which was the basis for count three of the complaint, requires a number of dosage units of at least 10 but less than 100.

At trial, the State presented two baggies containing crystalline substances weighing 28.54 grams and 3.14 grams that were found in Lipp's possession and tested positive for methamphetamine in support of count one. For count three the State presented evidence that ten of the thirty-seven tablets found in Lipp's possession tested positive for methamphetamine, indicating that the remaining tablets were also Schedule II controlled substances.

Lipp moved for acquittal after the State presented its evidence, arguing that his possession charges in counts one and three were multiplicitous. When addressing the motion, State's counsel stated that the issue might be accurate at a later stage but not at that point in the trial. State's counsel explained that count one alleged possession with intent to distribute between 3.5 grams and 100 grams of methamphetamine, while count three involved methamphetamine in pill form, which constituted a different element—10 or more dosage units but fewer than 100.

State's counsel noted that although both counts involved methamphetamine, the distinction was based on the form of the substance:  dosage units in pill form for count three, and methamphetamine measured by weight in powder or crystal form for count one. The court denied the motion on count three, finding it was not multiplicitous because count one concerned methamphetamine in bulk form while count three concerned methamphetamine in dosage units—pills. Lipp was found guilty of all counts.

Before sentencing, Lipp filed a motion for a new trial and a motion for departure sentence requesting a dispositional and/or durational departure. Lipp also filed a motion to find convictions identical, arguing that counts one and three were identical and also renewing his objection that counts one and three were multiplicitous or identical. He requested that the court vacate count three and not impose a sentence for it.

During sentencing, the State agreed that counts one and three both involved methamphetamine. The State noted that although the counts involved different forms of the substance, it did not object to treating them as the same offense and dismissing count three for sentencing purposes. The district court agreed with the parties and set aside the severity level three drug felony in count three. The district court also denied the motion for a new trial and the motion for a departure sentence. The district court imposed a controlling prison sentence of 142 months.

Lipp timely filed his direct appeal. In that appeal, Lipp alleged two errors, the denial of his motion to suppress evidence and denial of his dispositional and/or durational departure motion at sentencing. This court affirmed the district court's ruling on the evidence issue and dismissed the sentencing issue for lack of jurisdiction. See *State v. Lipp*, No. 116,424, 2017 WL 3327101 (Kan. App. 2017) (unpublished opinion).

In 2018, Lipp filed a K.S.A. 60-1507 motion, which was summarily denied. The identical offense argument was not raised.

In October 2023, Lipp filed a pro se motion to correct illegal sentence, under K.S.A. 22-3504. He argued for the first time that he should have been sentenced to a severity level three sentence under count three, since count one and count three were deemed identical. The district court denied the motion, as relief was barred under res judicata and the identical offense doctrine did not apply because the convictions were multiplicitous, not identical.

Following the dismissal, Lipp filed a timely notice of appeal.

ANALYSIS

Lipp contends that the district court erred when it denied his motion to correct an illegal sentence under K.S.A. 22-3504. He claims he should have received the lower, severity level three drug sentence for count three because counts one and three were identical.

An illegal sentence issue "can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

4

An illegal sentence is a sentence: (1) imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); see *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

*Identical offenses do not equate to an illegal sentence.*

Applying the statutory requirements for a sentence to be declared illegal, it becomes clear Lipp's sentence is not illegal. To begin, Lipp does not explain whether the district court lacked jurisdiction, how the sentence did not conform to statutory provisions, or how it is ambiguous about the time or manner in which it is to be served. Lipp only states that "he was convicted of both Count 1 and Count 3, the offenses were identical and he could receive only the lesser, severity-level 3 drug sentence." Yet, as the State points out, even if we assumed that Lipp was correct and the offenses are identical, identical offenses do not equate to an illegal sentence under the statute. *State v. Harp*, 283 Kan. 740, 744, 156 P.3d 1268 (2007) (finding that a sentence imposed for a crime which has identical or overlapping elements with a crime that has a lesser penalty is not an illegal sentence as that term is used in K.S.A. 22-3504); see *State v. Juliano*, 315 Kan. 76, 83, 504 P.3d 399 (2022) (citing *Harp* with approval). It is a well-known rule that we are duty-bound to follow our Supreme Court's precedent absent some indication that our Supreme Court is moving away from its previous precedent. *State v. Loganbill*, 62 Kan. App. 2d 552, 582, 518 P.3d 437 (2022). We see no such indications here. Lipp's illegal sentence claim fails.

*The identical offense doctrine does not apply here.*

But even if this court were to consider Lipp's argument, the identical offense doctrine does not apply here. The question of whether Kansas' identical offense

sentencing doctrine applies is a question of law. On appeal, questions of law are reviewed de novo. *State v. Sandberg*, 290 Kan. 980, 984, 235 P.3d 476 (2010).

The *Sandberg* court explained that the identical offense doctrine applies when there are two separate statutory crimes that each contain exactly the same legal elements but have different penalties. 290 Kan. at 984-85; see *State v. Snellings*, 294 Kan. 149, 151, 273 P.3d 739 (2012). Both parts must be true for the doctrine to apply. *Sandberg*, 290 Kan. at 985. But, the identical defense doctrine does not apply in situations like this one, where different severity levels of the same offense are charged. See 290 Kan. at 988.

A prosecutor has the discretion to decide which severity level of an offense to charge. See 290 Kan. at 988. Here, the prosecutor elected to dismiss the severity level 3 drug felony, leaving the conviction for the severity level 2 drug felony in place. This did result in a longer sentence than if he had dismissed the level 2 drug felony, but it was still well within the prosecutor's discretion. Again, this is acceptable because the prosecutor could have always elected to have charged the offense with the greater penalty. But our Supreme Court has held it is objectional when different statutes are identical, with all the same elements, and the prosecutor chooses to charge the one with the more severe penalty.

> "'It is likely to be a consequence of legislative carelessness, and even if it is not such a scheme serves no legitimate purpose. There is nothing at all rational about this kind of statutory scheme, as it provides for different penalties without any effort whatsoever to explain a basis for the difference. It cannot be explained in terms of giving assistance to the prosecutor. "Where statutes are identical except for punishment, the prosecutor finds not the slightest shred of guidance." It confers discretion which is totally unfettered and which is totally unnecessary. . . .'" 290 Kan. at 986.

Lipp misunderstands how the identical offense doctrine applies to his case. He was not convicted of the most severe of two identical statutes. He was convicted of a more

severe penalty provision in one statute. Lipp remains convicted of only one count, a severity level 2 drug felony. The jury found him guilty on that charge, and the court properly sentenced him based on that conviction. The district court correctly ruled that the identical offense doctrine does not apply to different severity levels of the same offense.

Affirmed.